David S. Kupetz (CA Bar No. 125062)
  *dkupetz@sulmeyerlaw.com*
Asa S. Hami (CA Bar No. 210728)
  *ahami@sulmeyerlaw.com*
Claire K. Wu (CA Bar No. 295966)
  *ckwu@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Glostation USA, Inc. and related debtors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:20-bk-11435-MB |
|---|---|
| GLOSTATION USA, INC., a Delaware corporation, and related debtors, | Chapter 11 |
| Debtors. | (Jointly Administered with Case Nos. 1:20-bk-11436-MB; 1:20-bk-11437-MB; 1:20-bk-11438-MB; 1:20-bk-11439-MB; 1:20-bk-11434-MB; 1:20-bk-11440-MB; 1:20-bk-11441-MB; 1:20-bk-11442-MB; 1:20-bk-11443-MB; 1:20-bk-11444-MB) |
| Federal EIN: 37-1875688 | **DEBTORS' NOTICE OF MOTION AND MOTION FOR ORDER APPROVING ASSUMPTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH MACERICH CERRITOS, LLC (CERRITOS LEASE), AS MODIFIED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN ZHAO IN SUPPORT THEREOF** |
| | [Motion to File Exhibits Under Seal Filed Concurrently] |
| | [No Hearing Required Unless Requested; LBR 9013-1(o)(1)] |

CKW 2707502v2

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, LANDLORD MACERICH CERRITOS, LLC, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Glostation USA, Inc., and its related debtors and debtors in possession in the above-captioned, jointly-administered chapter 11 cases (collectively, the "Debtors"), hereby move this Court for an order authorizing the Debtors to assume the store lease for debtor Sandbox VR Cerritos, LLC (the "Cerritos Lease"), as modified by the "First Amendment of Lease Agreement (Rent Reduction)" (the "Amendment"). True and correct copies of the Cerritos Lease and Amendment, respectively, are attached as **Exhibits 1 and 2**, hereto, and are the subject of a concurrently filed motion for authority to file under seal.[1]

The Motion is made pursuant to 11 U.S.C. § 365 on the grounds that assumption of the Cerritos Lease, as modified by the Amendment, is in the best interests of the Debtors and the Debtors' estates (the "Estates"). Since before the commencement of the Debtors' cases, the Debtors were attempting to reach agreement with their landlords on lease modifications necessary for the Debtors to be able to move forward on a viable basis, restore operations, and emerge as a sustainable company despite the ongoing harm caused and challenges imposed by the COVID-19 pandemic. With respect to the Cerritos Lease, the Debtors and the landlord engaged in extensive negotiations. The Debtors now seek to assume the Cerritos Lease, as modified by the Amendment. In the Debtors' business judgment, assumption of the Cerritos Lease as modified is in the best interests of the Estates, and will allow the Debtors to have a reasonable opportunity to operate the Cerritos location on a viable financial basis going forward.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion

---

[1] The Cerritos Lease and Amendment are being filed under seal in light of confidentiality provisions prohibiting disclosure of their contents to third parties, but allowing disclosure as required by any court or governmental agency. Notwithstanding submission of the Cerritos Lease and Amendment under seal (to the extent authorized by the Court), the Debtors are willing and prepared to provide unredacted copies of the lease and amendment to counsel for the Official Committee of Unsecured Creditors (the "Committee"), subject to the nondisclosure agreement entered between the Committee and the Debtors (the "NDA"), which has been executed by Committee counsel. Pending execution of the NDA by the individual members of the Committee, the lease and amendment would be for attorneys' eyes only.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

and Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Steven Zhao, the concurrently-filed Motion for Order Authorizing Debtors to File Exhibits to Motion Under Seal, the record in this case, all judicially noticeable facts, the arguments and representations of counsel, and such other oral or documentary evidence presented prior to or at the time of any hearing.

**PLEASE TAKE FURTHER NOTICE** that the Motion, with all supporting papers, has been filed electronically with the United States Bankruptcy Court and may be viewed through the Court's Case Management/Electronic Case Files System or at the Clerk's office at 21041 Burbank Blvd., Woodland Hills, CA 91367. You may also obtain a copy of the Motion and supporting papers by contacting the Debtors' counsel at the e-mail address and/or telephone number indicated in the upper left corner of the first page of this Motion.

**PLEASE TAKE FURTHER NOTICE** that any opposition or other response to the Motion, or a request for a hearing thereon, must comply with Local Bankruptcy Rule 9013-1(f)(1), and must be filed with the Clerk of the United States Bankruptcy Court and served upon the Debtors, their counsel at the address indicated in the upper left corner of the first page of this Motion, and upon the United States Trustee, not later than 14 days from the date this Motion was served (which is the date set forth below), plus an additional three days if you were served with this Motion by mail or pursuant to Rule 5(b)(2)(D) or (F) of the Federal Rules of Civil Procedure. If any such response is timely received, the Debtors will set a hearing on the Motion and send notice thereof. No hearing will be set by the Debtors if no response and request for hearing is received timely.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file a response or opposition to the Motion may be deemed by the Court as consent to the relief requested therein.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

1. Granting the Motion;

2. Authorizing the Debtors to assume the Cerritos Lease, as modified by the "First Amendment of Lease Agreement (Rent Reduction)," and to comply with all requirements of the Amendment; and

CKW 2707502v2

1      3.     Granting such other and further relief as the Court deems just and proper.

2   Dated: November 24, 2020        **Sulmeyer**Kupetz
A Professional Corporation

By:   */s/ Claire K. Wu*
      Claire K. Wu
      Attorneys for Glostation USA, Inc.
      and related debtors

# MEMORANDUM OF POINTS AND AUTHORITIES[2]

## I.

## FACTS

**A.    The Debtors**

On August 13, 2020 (the "Petition Date"), each of the Debtors commenced a bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Court authorized the joint administration of these cases.

The Debtors are part of a business enterprise established to develop, operate, and franchise facilities offering full-body tracking, free roaming, virtual reality experiences for private groups (meaning no strangers can play together), operating under the name Sandbox VR ™. The Debtors were just starting to emerge from the start-up phase of their existence when the COVID-19 pandemic occurred, forcing the Debtors to shut down their then-operating seven store locations.

The Debtors' store leases largely consisted of long-term leases with more than five years remaining on the lease term as of the Petition Date, and were negotiated and entered prior to onset of the pandemic. As a result of the pandemic's impact on the Debtors' operations and level of revenue generation, the Debtors engaged in discussions with their landlords regarding a renegotiation of the lease terms. In virtually all cases, the Debtors' landlords informed the Debtors that the landlords believed that lease modification agreements could be achieved, but that the landlord would not reach such an agreement prior to the Debtors commencing their chapter 11 bankruptcy cases.

**B.    The Cerritos Lease**

On or about January 18, 2019, Sandbox VR Cerritos, LLC, a Delaware limited liability company, as lessee, entered into a lease with Macerich Cerritos, LLC, a Delaware limited liability company, as lessor, for the premises located in Los Cerritos Center, in the City of Cerritos, County of Los Angeles, State of California (i.e., the "Cerritos Lease"). A true and correct copy of the Cerritos Lease, **Exhibit 1** hereto, is the subject of a concurrently filed motion for authority to file

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

CKW 2707502v2                                                                                              4

1 under seal.

2 The Cerritos Lease location was previously closed to the public due to applicable

3 governmental orders in response to the COVID-19 pandemic.

**C.**    **The Amendment**

5 After having reached agreement on business terms for modification of the Cerritos Lease, on

6 or about November 24, 2020, the parties entered into the Amendment. Taking into account the

7 ongoing impact of the pandemic, the Amendment provides for rent forgiveness and contains other

8 favorable terms that are beneficial to the Estates.

9 One particular provision of note relates to the remaining "Construction Allowance" under the

10 Cerritos Lease. The Construction Allowance was applied by the landlord to any amounts owed by

11 Sandbox VR Cerritos, LLC to contractors for work performed for the premises that resulted in any

12 liens. As a negotiated term of the Amendment, the Debtors have waived and released the landlord

13 from the landlord's obligation to pay the Construction Allowance to the Debtors for the amounts so

14 applied.

15 Pursuant to a confidentiality provision prohibiting disclosure of its contents to third parties,

16 but allowing disclosure as required by any court or governmental agency, the Amendment, **Exhibit 2**

17 hereto, is the subject of a concurrently filed motion for authority to file under seal.

**II.**

**THE COURT SHOULD GRANT THE MOTION**

20 Bankruptcy Code section 365(a) provides that "the trustee, subject to the court's approval,

21 may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

22 Section 365(b) sets forth the requirements a debtor must satisfy to assume an unexpired lease or

23 executory contract. That section provides:

> If there has been a default in an executory contract or unexpired lease . . . ,
> the trustee may not assume such contract or lease unless, at the time of
> assumption . . ., the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will
> promptly cure, such default . . . .
>
> (B) compensates. or provides adequate assurance that the trustee will
> promptly compensate, a party other than the debtor to such contract or

CKW 2707502v2    5

>>lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>>(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

The Bankruptcy Code provides debtors in possession wide discretion to assume or reject unexpired leases or executory contracts. Courts typically inquire whether or not the proposed assumption or rejection is within the sound "business judgment" of the debtor in possession. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2nd Cir. 1993); *Robertson v. Pierce (In re Huang)*, 23 B.R. 798, 800 (9th Cir. B.A.P. 1982).

As discussed below, assumption of the Cerritos Lease, as modified by the Amendment, is proper and complies with section 365:

First, in the Debtors' business judgment, the assumption of the Cerritos Lease, as modified, is necessary for the Debtors to be able to move forward in these cases, restore operations, and emerge as a sustainable company despite the ongoing harm caused and challenges imposed by the COVID-19 pandemic. The Amendment reached involves rent forgiveness and other favorable terms that are beneficial to the Estates. Without the Amendment, it would not be feasible for the Debtors to operate the Cerritos location on a viable financial basis going forward in the new business reality arising from the pandemic.

Furthermore, pursuant to the Amendment, achieved after extensive, arm's length negotiations, the landlord consents to assumption of the lease (and, indeed, requires Bankruptcy Court approval of the lease as modified), and the Debtors shall comply with any and all other payments or lease obligations in accordance with the terms of the Amendment.[3]

Additionally, the Debtors can provide adequate assurance that they will be able to perform under the Cerritos Lease, as modified, on a going forward basis. The "Rent Reduction" set forth in paragraph 3 of the Amendment, among other lease obligations, will be part of the Debtors' overall

---

[3] To be clear, no funds of the Estates are being used to pay pre-existing or past due rent.

CKW 2707502v2    6

projected operating expenses. The Debtors project generating sufficient revenues to make payments in accordance with the terms of the Amendment, as well as to operate its business in the ordinary course despite the ongoing impact of the COVID-19 pandemic.

Finally, in making the determination to move forward with assumption of the Cerritos Lease, as modified by the Amendment, the Debtors have evaluated the terms of the Amendment, the financial obligations under Amendment, the impact of the pandemic on the Debtors' operations, the ongoing and continuing effects of the pandemic, and the projected financial results of the Debtors' future operations at the location covered by the Cerritos Lease, and believe the modifications as set forth in the Amendment are beneficial to and in the best interest of the Estates, reflect appropriate and necessary beneficial changes to the Cerritos Lease in light of the impacts of the pandemic, and allow the Debtors to have a reasonable opportunity to operate the Cerritos location on a viable financial basis going forward.

Based thereon, assumption of the Cerritos Lease, as modified by the Amendment, is proper, appropriate, necessary, and in the best interests of the Estates and creditors.

## III.

## **CONCLUSION**

Based on the foregoing, the Debtors respectfully request that the Court enter an order:

1. Granting the Motion;

2. Authorizing the Debtors to assume the Cerritos Lease, as modified by the "First Amendment of Lease Agreement (Rent Reduction)," and to comply with all requirements of the Amendment; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: November 24, 2020         **Sulmeyer**Kupetz
                                  A Professional Corporation


                                  By:  */s/ Claire K. Wu*
                                       Claire K. Wu
                                       Attorneys for Glostation USA, Inc.
                                       and related debtors

CKW 2707502v2                           7

## **DECLARATION OF STEVEN ZHAO**[1]

I, Steven Zhao, declare as follows:

1. I am the President and CEO of each of Glostation USA, Inc. and Glostation Core, Inc., and am the manager of each of the other Debtors. I am also the President and CEO of Sandbox VR, Inc., the non-debtor parent of Glostation.

2. I was actively involved in and am familiar with, and have knowledge of and experience with, all events leading up to commencement of these bankruptcy cases. I continue to be actively involved in and familiar with, and have knowledge of and experience with, all aspects of the Debtors' operations and efforts to reorganize their affairs.

3. I make and execute this declaration in support of the Motion.

4. On August 13, 2020 (the "Petition Date"), each of the Debtors commenced a bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Court authorized the joint administration of these cases.

5. The Debtors are part of a business enterprise established to develop, operate, and franchise facilities offering full-body tracking, free roaming, virtual reality experiences for private groups (meaning no strangers can play together), operating under the name Sandbox VR™. The Debtors were just starting to emerge from the start-up phase of their existence when the COVID-19 pandemic occurred, forcing the Debtors to shut down their then-operating seven store locations.

6. The Debtors' store leases largely consisted of long-term leases with more than five years remaining on the lease term as of the Petition Date, and were negotiated and entered prior to onset of the pandemic. As a result of the pandemic's impact on the Debtors' operations and level of revenue generation, the Debtors engaged in discussions with their landlords regarding a renegotiation of the lease terms. In virtually all cases, the Debtors' landlords informed the Debtors that the landlords believed that lease modification agreements could be achieved, but that the landlord would not reach such an agreement prior to the Debtors commencing their chapter 11 bankruptcy cases.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the memorandum of points and authorities to which this declaration is attached.

CKW 2707502v2        8

7. On or about January 18, 2019, Sandbox VR Cerritos, LLC, a Delaware limited liability company, as lessee, entered into a lease with Macerich Cerritos, LLC, a Delaware limited liability company, as lessor, for the premises located in Los Cerritos Center, in the City of Cerritos, County of Los Angeles, State of California (the "Cerritos Lease").

8. The Cerritos Lease location was previously closed to the public due to applicable governmental orders in response to the COVID-19 pandemic.

9. I was and have been participating in the various lease negotiations with landlords with respect to the Debtors' leases.

10. The Debtors were able to reach agreement with the landlord on business terms for modification of the Cerritos Lease and, on or about November 24, 2020, I (on behalf of the Debtors) and the landlord entered into the "First Amendment of Lease Agreement (Rent Reduction)" (the "Amendment").

11. The Cerritos Lease and Amendment include confidentiality provisions prohibiting disclosure of their contents to third parties, but allowing disclosure as required by any court or governmental agency.

12. True and correct copies of the Cerritos Lease and Amendment are **Exhibit 1** and **Exhibit 2**, respectively, hereto. Concurrently with this Motion, I am causing the Debtors to file a motion for authority to file the exhibits under seal.

13. Taking into account the ongoing impact of the COVID-19 pandemic, the Amendment provides for rent forgiveness and contains other favorable terms that are beneficial to the Estates.

14. I believe that, without the Amendment, it would not be feasible for the Debtors to operate the Cerritos location on a viable financial basis going forward in the new business reality arising from the pandemic.

15. Pursuant to the Amendment, which was achieved after extensive, arm's length negotiations, the landlord of the Cerritos Lease consents to assumption of the leases.

16. I believe the Debtors will be able to comply with any and all payments and/or lease obligations in accordance with the terms of the Amendment.

CKW 2707502v2                    9

17. I believe the Debtors will be able to perform under the Cerritos Lease, as modified, on a going forward basis. The "Rent Reduction" set forth in paragraphs 3 of the Amendment, among other lease obligations, will be part of the Debtors' overall projected operating expenses. The Debtors project generating sufficient revenues to make payments in accordance with the terms of the Amendment, as well as to operate its business in the ordinary course despite the ongoing impact of the COVID-19 pandemic.

18. I, on behalf of the Debtors, have evaluated the Amendment. I understand that the decision to assume any executory contract or unexpired lease falls within a debtor's business judgment. I believe that the decision regarding the assumption of the Cerritos Lease, as modified by the Amendment, satisfies this business judgment standard.

19. In making the determination to move forward with assumption of the Cerritos Lease, as modified by the Amendment, I, on behalf of the Debtors, have evaluated the terms of the Amendment, the financial obligations under Amendment, the impact of the pandemic on the Debtors' operations, the ongoing and continuing effects of the pandemic, the projected financial results of the Debtors' future operations at the location covered by the Cerritos Lease, and believe the modifications as set forth in the Amendment are beneficial to and in the best interest of the Estates, reflect appropriate and necessary beneficial changes to the Cerritos Lease in light of the impacts of the pandemic, and allow the Debtors to have a reasonable opportunity to operate the Cerritos location on a viable financial basis going forward.

20. I believe it is in the best interests of the Estates and creditors to assume the Cerritos Lease, as modified by the Amendment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November __24_, 2020, in Hong Kong.

_____
Steven Zhao

# EXHIBIT 1

(TO BE SUBMITTED SUBJECT TO PENDING MOTION TO SEAL)

# EXHIBIT 2

(TO BE SUBMITTED SUBJECT TO PENDING MOTION TO SEAL)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' NOTICE OF MOTION AND MOTION FOR ORDER APPROVING ASSUMPTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH MACERICH CERRITOS, LLC (CERRITOS LEASE), AS MODIFIED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN ZHAO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 24, 2020  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Daren Brinkman on behalf of Creditor Committee Committee Of Unsecured Creditors
office@brinkmanlaw.com, 7764052420@filings.docketbird.com

Daren Brinkman on behalf of Creditor Committee Committee of Unsecured Creditors
office@brinkmanlaw.com, 7764052420@filings.docketbird.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Krista M Enns on behalf of Creditor Yonkers Associates, LLC
KEnns@beneschlaw.com, docket@beneschlaw.com

Roger F Friedman on behalf of Defendant YONKERS ASSOCIATES, LLC, a New York limited liability company
rfriedman@rutan.com

Asa S Hami on behalf of Debtor Glostation USA, Inc.
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Interested Party Courtesy NEF
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Plaintiff GLOSTATION USA, INC., a Delaware corporation, and Related Debtors and Debtors in Possession
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

Alan Craig Hochheiser on behalf of Creditor AmTrust North America, Inc. on behalf of Technology Insurance Company, Inc.
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Brian D Huben on behalf of Creditor Mission Valley Shoppingtown LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor The Macerich Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor West Valley Owner, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

William W Huckins on behalf of Creditor Oakbrook Shopping Center LLC
whuckins@allenmatkins.com, clynch@allenmatkins.com;mcatapang@allenmatkins.com

David S Kupetz on behalf of Debtor Glostation Core USA, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

David S Kupetz on behalf of Debtor Glostation USA, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Austin, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Cerritos, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Colony, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Mission Valley, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Oakbrook, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Pop-Up, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Ridge Hill, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR San Mateo, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Topanga, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Plaintiff GLOSTATION USA, INC., a Delaware corporation, and Related Debtors and Debtors in Possession
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Adam A Lewis on behalf of Creditor Silicon Valley Bank
alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com

Debra Riley on behalf of Creditor ATEL Growth Capital dba ATEL Ventures
driley@allenmatkins.com

Catherine Schlomann Robertson on behalf of Creditor Bohannon Development Company
crobertson@pahl-mccay.com, mle@pahl-mccay.com

Michael St James on behalf of Interested Party CB-1 COMMERCIAL CO LLC, a Delaware limited liability company
ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com

Jason D Strabo on behalf of Creditor TriplePoint Capital LLC
jstrabo@mwe.com, cfuraha@mwe.com;rorloff@mwe.com

Jason D Strabo on behalf of Debtor Glostation USA, Inc.
jstrabo@mwe.com, cfuraha@mwe.com;rorloff@mwe.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Steven Werth on behalf of Attorney SulmeyerKupetz
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Glostation Core USA, Inc.
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

Steven Werth on behalf of Debtor Glostation USA, Inc.
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Austin, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Cerritos, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Colony, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Mission Valley, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Oakbrook, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Pop-Up, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Ridge Hill, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR San Mateo, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Topanga, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Glostation Core USA, Inc.
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Glostation USA, Inc.
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Austin, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Cerritos, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Colony, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Mission Valley, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Oakbrook, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Pop-Up, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**

Claire K Wu on behalf of Debtor Sandbox VR Ridge Hill, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR San Mateo, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Topanga, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Interested Party Courtesy NEF
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Plaintiff GLOSTATION USA, INC., a Delaware corporation, and Related Debtors and Debtors in Possession
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 24, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Landlord**
Macerich Cerritos, LLC
239 Los Cerritos Center
Management Office
Cerritos, California 90703
Attention: Center Manager

Macerich Cerritos, LLC
c/o Macerich
P.O. Box 2172
401 Wilshire Blvd., Suite 700
Santa Monica, California 90407
Attn: Correspondence Routing System/Legal Department

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 24, 2020 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**DEBTORS:**
Email: steve.zhao@sandboxvr.com

**Landlord**
Macerich Cerritos, LLC
Email: Hayley.Rable@macerich.com

**Landlord's Counsel**
Macerich Cerritos, LLC
c/o Jessica M. Simon and Brian D. Huben
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Ph: 424-204-4349
Email: simonjm@ballardspahr.com
        HubenB@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITORS:**

Atel Growth Capital
c/o Johanna Johannesson
600 Montgomery Street, 9th FL
San Francisco, CA 94111
Ph: 414- 616-3461
Email: jjohannesson@atel.com

Atel Growth Capital
c/o Debra A. Riley, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Ph: 619- 235-1520
EMail: driley@allenmatkins.com

Silicon Valley Bank
c/o Alexander Rheaume, Esq.
Morrison & Foerster LLP
200 Clarendon Street
Boston, MA 02116
Ph: 617-648-4770
Email: ARheaume@mofo.com
        BButterfield@mofo.com

TriplePoint Capital LLC
c/o Gary Rosenbaum
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Ph: 310-284-6133
Email: Grosenbaum@mwe.com
        Rorloff@mwe.com

**REQUEST FOR SPECIAL NOTICE:**

Atel Growth Capital
c/o Johanna Johannesson
600 Montgomery Street, 9th FL
San Francisco, CA 94111
Ph: 414- 616-3461
Email: jjohannesson@atel.com

Atel Growth Capital
c/o Debra A. Riley, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Ph: 619- 235-1520
EMail: driley@allenmatkins.com

Bohannon Development Company
c/o Catherine Schlomann Robertson
Pahl & Mccay
225 West Santa Clara Street, Suite 1500
San Jose, California 95113
Telephone: 408-286-5100
Facsimile: 408- 286-5722
Email: crobertson@pahl-mccay.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1.PROOF.SERVICE**

CB-1 Commercial Co. LLC
c/o Michael St. James, Esq.
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
Email: Ecf@stjames-law.com

Attorneys for AmTrust North America, Inc. on behalf of
Technology Insurance Company, Inc.
Maurice Wutscher LLP
Alan C. Hochheiser, Esq.
23611 Chagrin Blvd., Suite 207
Beachwood, OH 44122
Via Email: ahochheiser@mauricewutscher.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 24, 2020 | Maria R. Viramontes | /s/Maria R. Viramontes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**