1 | David S. Kupetz (CA Bar No. 125062)
   *dkupetz@sulmeyerlaw.com*
2 | Asa S. Hami (CA Bar No. 210728)
   *ahami@sulmeyerlaw.com*
3 | Claire K. Wu (CA Bar No. 295966)
   *ckwu@sulmeyerlaw.com*
4 | **Sulmeyer**Kupetz
A Professional Corporation
5 | 333 South Grand Ave, Suite 3400
Los Angeles, California 90071
6 | Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Glostation USA, Inc. and related debtors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>GLOSTATION USA, INC., a Delaware corporation, and related debtors,<br><br>Debtors.<br><br>Federal EIN: 37-1875688 | Case No. 1:20-bk-11435-MB<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 1:20-bk-11436-MB; 1:20-bk-11437-MB; 1:20-bk-11438-MB; 1:20-bk-11439-MB; 1:20-bk-11434-MB; 1:20-bk-11440-MB; 1:20-bk-11441-MB; 1:20-bk-11442-MB; 1:20-bk-11443-MB; 1:20-bk-11444-MB)<br><br>**MOTION FOR ORDER AUTHORIZING DEBTORS TO FILE EXHIBITS TO "MOTION FOR ORDER APPROVING ASSUMPTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH MACERICH CERRITOS, LLC (CERRITOS LEASE), AS MODIFIED" UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN ZHAO IN SUPPORT THEREOF**<br><br>[11 U.S.C. §§ 105, 107; Fed.R.Bankr.P. 9018; LBR 5003-2(c)(1)]<br><br>[Proposed Order Lodged Concurrently]<br><br>[No Hearing Required] |

CKW 2707503v3

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

**<u>MOTION</u>**

Glostation USA, Inc., and its related debtors and debtors in possession in the above-captioned, jointly-administered chapter 11 cases (collectively, the "<u>Debtors</u>"), hereby move this Court for authority to file, under seal, the following documents designated as exhibits to the concurrently-filed *Motion for Order Approving Assumption of Unexpired Lease of Nonresidential Real Property with Macerich Cerritos, LLC (Cerritos Lease), as Modified* (the "<u>Lease Assumption Motion</u>"), which relates to the store lease for debtor Sandbox VR Cerritos, LLC (the "<u>Cerritos Lease</u>"):

(1) The Cerritos Lease (designated as Exhibit "1" to the Lease Assumption Motion); and

(2) The "First Amendment of Lease Agreement (Rent Reduction)" (the "<u>Amendment</u>") (designated as Exhibit "2" to the Lease Assumption Motion).

Given that the Debtors are seeking to seal the entirety of the Cerritos Lease and Amendment as confidential, submitting redacted copies of the lease and amendment with the present motion (the "<u>Motion</u>") as generally required under the Court Manual would be futile. *See* Court Manual, § 2.8(b)(1).

This Motion is made pursuant to sections 105 and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 5003-2(c)(1), and section 2.8(b) to the Court Manual on the following grounds:

On or about November 24, 2020, after having reached agreement on business terms for modification of the Cerritos Lease, the Debtors and the landlord entered the Amendment. As set forth in the Lease Assumption Motion, the Debtors seek to assume the Cerritos Lease, as modified by the Amendment. The Debtors cannot attach copies of the Cerritos Lease and Amendment as exhibits to the Lease Assumption Motion in light of confidentiality provisions prohibiting disclosure of their contents to third parties, but allowing disclosure as required by any court or governmental agency.

The landlord requires that the terms of the Cerritos Lease and Amendment remain confidential and views such terms as sensitive, proprietary business information. Furthermore,

maintaining the confidentiality of the terms of the lease and amendment is of significant importance given the Debtors' negotiation of modified or restructured lease arrangements with other landlords for other leases (which have been submitted under seal pursuant to confidentiality provisions in their respective leases and/or amendments).[1]

In accordance with the Local Bankruptcy Rules and the Court Manual, upon granting of the Motion, the Debtors will provide the Court with true and correct copies of the Cerritos Lease and Amendment under seal in the manner directed by the Court in its order granting the Motion. A proposed order on this Motion is appended hereto as **Exhibit 1** and is being lodged concurrently herewith.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Steven Zhao, the concurrently-filed Lease Assumption Motion, the record in these bankruptcy cases, all documents and facts that are judicially noticeable, and any further or other evidence or argument that may be presented to this Court.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

1. Granting the Motion;

2. Authorizing the Debtors to file the Cerritos Lease and Amendment under seal; and

3. Providing such other or further relief as is proper.

Dated: November 24, 2020   **Sulmeyer**Kupetz
A Professional Corporation


By: */s/ Claire K. Wu*
Claire K. Wu
Attorneys for Glostation USA, Inc.
and related debtors

---

[1] Notwithstanding submission of the Cerritos Lease and Amendment under seal (to the extent authorized by the Court), the Debtors are willing and prepared to provide unredacted copies of the lease and amendment to counsel for the Official Committee of Unsecured Creditors (the "Committee"), subject to the nondisclosure agreement entered between the Committee and the Debtors (the "NDA"), which has been executed by Committee counsel. Pending execution of the NDA by the individual members of the Committee, the lease and amendment would be for attorneys' eyes only.

## **MEMORANDUM OF POINTS AND AUTHORITIES**[2]

The Debtors hereby submit the following memorandum of points and authorities in support of the Motion.

## **FACTS**

1. On August 13, 2020 (the "Petition Date"), the Debtors commenced these jointly-administered cases.

2. The Debtors are part of a business enterprise established to develop, operate, and franchise facilities offering full-body tracking, free roaming, virtual reality experiences for private groups (meaning no strangers can play together), operating under the name Sandbox VR™. The Debtors were just starting to emerge from the start-up phase of their existence when the COVID-19 pandemic occurred, forcing the Debtors to shut down their then-operating seven store locations.

3. The Debtors' store leases largely consisted of long-term leases with more than five years remaining on the lease term as of the Petition Date, and were negotiated and entered prior to onset of the pandemic.

4. As a result of the pandemic's impact on the Debtors' operations and level of revenue generation, the Debtors engaged in discussions with their landlords regarding a renegotiation of the lease terms. In virtually all cases, the Debtors' landlords informed the Debtors that the landlords believed that lease modification agreements could be achieved, but that the landlord would not reach such an agreement prior to the Debtors commencing their chapter 11 bankruptcy cases.

5. Following commencement of these cases, the Debtors continued discussions with the landlord of the Cerritos Lease. Those negotiations were extensive. After having reached agreement on business terms for modification of the Cerritos Lease, on or about November 24, 2020, the parties signed the Amendment.

6. The Cerritos Lease and Amendment include confidentiality provisions prohibiting disclosure of their contents to third parties, but allowing disclosure as required by any court or

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this memorandum of points and authorities is attached.

CKW 2707503v3                                   3

governmental agency.

7. Concurrently with this Motion, the Debtors are filing the Lease Assumption Motion seeking authority to assume the Cerritos Lease, as modified by the Amendment.

8. Maintaining the confidentiality of the terms of the Cerritos Lease and Amendment is of significant importance given the Debtors' negotiation of modified or restructured lease arrangements with other landlords for other leases (which have been submitted under seal pursuant to confidentiality provisions in their respective leases and/or amendments). All landlords requested confidentiality with regard to lease amendments, including the landlord under the Cerritos Lease.

## DISCUSSION

9. Section 107(b) provides, in part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). *See also*, Fed. R. Bankr. 9018 ("On motion . . . with or without notice, the court may make such order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information").

10. Courts have the discretion to seal documents and exhibits. *See, e.g.*, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003). A court should protect confidential information when its disclosure may adversely affect the party (*In re Frontier Group, LLC*, 256 B.R. 771, 773 (E.D. Tenn. 2000)), or when disclosure may reasonably be expected to cause the entity injury (*In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) (citing *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)).

11. Further, authority to seal certain information has also been recognized as part of the court's "inherent authority" under section 105 of the Bankruptcy Code. *See In re Robert Landau Assocs. Ltd., Inc.*, 50 B.R. 670, 677 (Bankr. S.D.N.Y. 1985); *see also In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003) (considering, among other factors, the necessity of terms of the settlement proposed to be sealed and the potential harm to debtors).

12. The Court should authorize the Debtors to file the Cerritos Lease and Amendment

under seal. As discussed above: (a) the Cerritos Lease and Amendment, which were the subject of extensive negotiations between the Debtors and the landlord, contain confidentiality provisions prohibiting disclosure of their contents to third parties; and (b) the landlord requires that the terms of the lease and amendment remain confidential and views such terms as sensitive, proprietary business information. As a matter of fairness, with regard to confidentiality, the landlord under the Cerritos lease should not receive any less protection of confidential information than other landlords in this case.

## **CONCLUSION**

13. Based on the foregoing, the Court should grant the Motion and permit the Debtors to file the Cerritos Lease and Amendment under seal.

14. A proposed order on the Motion is attached hereto as **Exhibit 1** and is being lodged concurrently herewith.

Dated: November 24, 2020

**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Claire K. Wu*
    Claire K. Wu
    Attorneys for Glostation USA, Inc.
    and related debtors

## **DECLARATION OF STEVEN ZHAO**[1]

I, Steven Zhao, declare:

1. I am the President and CEO of each of debtors Glostation USA, Inc., and Glostation Core, Inc., and am the manager of each of the other Debtors. I am also the President and CEO of Sandbox VR, Inc., the non-debtor parent of Glostation ("Parent").

2. I was actively involved in and am familiar with, and have knowledge of and experience with, all events leading up to commencement of these bankruptcy cases, including, but not limited to, the Debtors' various leases and discussions with lessors of such leases. I continue to be actively involved in and familiar with, and have knowledge of and experience with, all aspects of the Debtors' operations and efforts to reorganize their affairs.

3. I make and execute this declaration in support of the Motion.

4. On August 13, 2020 (the "Petition Date"), the Debtors commenced these jointly-administered cases.

5. The Debtors are part of a business enterprise established to develop, operate, and franchise facilities offering full-body tracking, free roaming, virtual reality experiences for private groups (meaning no strangers can play together), operating under the name Sandbox VR™. The Debtors were just starting to emerge from the start-up phase of their existence when the COVID-19 pandemic occurred, forcing the Debtors to shut down their then-operating seven store locations.

6. The Debtors' store leases largely consisted of long-term leases with more than five years remaining on the lease term as of the Petition Date, and were negotiated and entered prior to onset of the pandemic.

7. As a result of the pandemic's impact on the Debtors' operations and level of revenue generation, the Debtors engaged in discussions with their landlords regarding a renegotiation of the lease terms. In virtually all cases, the Debtors' landlords informed the Debtors that the landlords believed that lease modification agreements could be achieved, but that the landlord would not reach

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the memorandum of points and authorities to which this declaration is attached.

CKW 2707503v3                                6

1  such an agreement prior to the Debtors commencing their chapter 11 bankruptcy cases.

2      8.    Following commencement of these cases, the Debtors continued discussions with the

3  landlord of the Cerritos Lease. Those negotiations were extensive. After having reached agreement

4  on business terms for modification of the Cerritos Lease, on or about November 24, 2020, the

5  Amendment was signed.

6      9.    The Cerritos Lease and Amendment each include a confidentiality provision

7  prohibiting disclosure of their contents to third parties, but allowing disclosure as required by any

8  court or governmental agency.

9      10.    Concurrently with this Motion, I am causing the Debtors to file the Lease Assumption

10 Motion seeking authority to assume the Cerritos Lease, as modified by the Amendment.

11 / / /

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

11.     I believe that maintaining the confidentiality of the terms of the Cerritos Lease and Amendment is of significant importance given the Debtors' negotiation of modified or restructured lease arrangements with other landlords for other leases (which have been submitted under seal pursuant to confidentiality provisions in their respective leases and/or amendments).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 24, 2020, in Hong Kong.

_____
Steven Zhao

CKW 2707503v3

8

# EXHIBIT 1

David S. Kupetz (CA Bar No. 125062)
 dkupetz@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
 ahami@sulmeyerlaw.com
Claire K. Wu (CA Bar No. 295966)
 ckwu@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Glostation USA, Inc. and
related debtors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>GLOSTATION USA, INC., a Delaware corporation, and related debtors,<br><br>Debtors.<br><br>Federal EIN: 37-1875688 | Case No. 1:20-bk-11435-MB<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 1:20-bk-11436-MB; 1:20-bk-11437-MB; 1:20-bk-11438-MB; 1:20-bk-11439-MB; 1:20-bk-11434-MB; 1:20-bk-11440-MB; 1:20-bk-11441-MB; 1:20-bk-11442-MB; 1:20-bk-11443-MB; 1:20-bk-11444-MB)<br><br>**ORDER GRANTING MOTION FOR ORDER AUTHORIZING DEBTORS TO FILE EXHIBITS TO "MOTION FOR ORDER APPROVING ASSUMPTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH MACERICH CERRITOS, LLC (CERRITOS LEASE), AS MODIFIED" UNDER SEAL**<br><br>[Relates to Dkt. No. 275]<br><br>[No Hearing Required] |

CKW 2707505v1

0009

1    On November 24, 2020, Glostation USA, Inc., and its related debtors and debtors in possession in the above-captioned, jointly-administered chapter 11 cases (collectively, the "Debtors"), filed their *Motion for Order Authorizing Debtors to File Exhibits to "Motion for Order Approving Assumption of Unexpired Lease of Nonresidential Real Property with Macerich Cerritos, LLC (Cerritos Lease), as Modified" Under Seal* (the "Seal Motion").

This Court having considered the Seal Motion, all papers and documents submitted in support of the Seal Motion, and the record in these cases; no opposition or other response to, or request for hearing on, the Seal Motion having been filed by any party; and good cause appearing therefor, it is hereby **ORDERED** as follows:

1. The Seal Motion is **GRANTED**.

2. The Cerritos Lease and Amendment (each as defined in the Seal Motion) may, and shall be, filed under seal.

3. Upon entry of this Order, the Debtors shall submit to the Court: (a) an entered copy of this Order; and (b) in two separately-sealed envelopes, a "Judge's Copy" of each of the Cerritos Lease and Amendment to be filed by the Clerk **under seal**.

# # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING DEBTORS TO FILE EXHIBITS TO "MOTION FOR ORDER APPROVING ASSUMPTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH MACERICH CERRITOS, LLC (CERRITOS LEASE), AS MODIFIED" UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN ZHAO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 24, 2020 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Daren Brinkman on behalf of Creditor Committee Committee Of Unsecured Creditors
office@brinkmanlaw.com, 7764052420@filings.docketbird.com

Daren Brinkman on behalf of Creditor Committee Committee of Unsecured Creditors
office@brinkmanlaw.com, 7764052420@filings.docketbird.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Krista M Enns on behalf of Creditor Yonkers Associates, LLC
KEnns@beneschlaw.com, docket@beneschlaw.com

Roger F Friedman on behalf of Defendant YONKERS ASSOCIATES, LLC, a New York limited liability company
rfriedman@rutan.com

Asa S Hami on behalf of Debtor Glostation USA, Inc.
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Interested Party Courtesy NEF
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Plaintiff GLOSTATION USA, INC., a Delaware corporation, and Related Debtors and Debtors in Possession
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

Alan Craig Hochheiser on behalf of Creditor AmTrust North America, Inc. on behalf of Technology Insurance Company, Inc.
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Brian D Huben on behalf of Creditor Mission Valley Shoppingtown LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor The Macerich Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor West Valley Owner, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

William W Huckins on behalf of Creditor Oakbrook Shopping Center LLC
whuckins@allenmatkins.com, clynch@allenmatkins.com;mcatapang@allenmatkins.com

David S Kupetz on behalf of Debtor Glostation Core USA, Inc.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Glostation USA, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Austin, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Cerritos, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Colony, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Mission Valley, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Oakbrook, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Pop-Up, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Ridge Hill, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR San Mateo, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Topanga, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Plaintiff GLOSTATION USA, INC., a Delaware corporation, and Related Debtors and Debtors in Possession
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Adam A Lewis on behalf of Creditor Silicon Valley Bank
alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com

Debra Riley on behalf of Creditor ATEL Growth Capital dba ATEL Ventures
driley@allenmatkins.com

Catherine Schlomann Robertson on behalf of Creditor Bohannon Development Company
crobertson@pahl-mccay.com, mle@pahl-mccay.com

Michael St James on behalf of Interested Party CB-1 COMMERCIAL CO LLC, a Delaware limited liability company
ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com

Jason D Strabo on behalf of Creditor TriplePoint Capital LLC
jstrabo@mwe.com, cfuraha@mwe.com;rorloff@mwe.com

Jason D Strabo on behalf of Debtor Glostation USA, Inc.
jstrabo@mwe.com, cfuraha@mwe.com;rorloff@mwe.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Steven Werth on behalf of Attorney SulmeyerKupetz
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Glostation Core USA, Inc.
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                        F 9013-3.1.PROOF.SERVICE

Steven Werth on behalf of Debtor Glostation USA, Inc.
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Austin, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Cerritos, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Colony, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Mission Valley, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Oakbrook, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Pop-Up, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Ridge Hill, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR San Mateo, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Topanga, LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Glostation Core USA, Inc.
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Glostation USA, Inc.
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Austin, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Cerritos, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Colony, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Mission Valley, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Oakbrook, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Pop-Up, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Claire K Wu on behalf of Debtor Sandbox VR Ridge Hill, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR San Mateo, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Sandbox VR Topanga, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Interested Party Courtesy NEF
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Plaintiff GLOSTATION USA, INC., a Delaware corporation, and Related Debtors and Debtors in Possession
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 24, 2020 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**DEBTORS:**
Email: steve.zhao@sandboxvr.com

**SECURED CREDITORS:**

Atel Growth Capital
c/o Johanna Johannesson
600 Montgomery Street, 9th FL
San Francisco, CA 94111
Ph: 414- 616-3461
Email: jjohannesson@atel.com

Atel Growth Capital
c/o Debra A. Riley, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Ph: 619- 235-1520
EMail: driley@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Silicon Valley Bank
c/o Alexander Rheaume, Esq.
Morrison & Foerster LLP
200 Clarendon Street
Boston, MA 02116
Ph: 617-648-4770
Email: ARheaume@mofo.com
BButterfield@mofo.com

TriplePoint Capital LLC
c/o Gary Rosenbaum
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Ph: 310-284-6133
Email: Grosenbaum@mwe.com
Rorloff@mwe.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 24, 2020 | Maria R. Viramontes | */s/Maria R. Viramontes* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**