| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David S. Kupetz (CA Bar No. 125062)  dkupetz@sulmeyerlaw.com  Asa S. Hami (CA Bar No. 210728)  ahami@sulmeyerlaw.com  Claire Wu (CA Bar No. 295966)  cwu@sulmeyerlaw.com  **Sulmeyer**Kupetz  A Professional Corporation  333 South Grand Avenue, Suite 3400  Los Angeles, California 90071  Telephone: 213.626.2311  Facsimile: 213.629.4520  ☐  Individual *appearing without an attorney*  ☒  *Attorney for: Glostation USA, Inc., and related debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>SAN FERNANDO VALLEY</u> DIVISION**

| In re:  GLOSTATION USA, INC., a Delaware corporation, and related debtors,  Federal EIN:  37-1875688  Debtor(s) | CASE NO.: 1:20-BK-11435-MB  CHAPTER: 11 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:  MOTION FOR ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION** (*title of motion[1]*): |

**PLEASE TAKE NOTICE** that the order titled **ORDER GRANTING MOTION FOR ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**  was lodged on (*date*) 11/25/20 and is attached.  This order relates to the motions which are docket numbers 206 and 230.

**PLEASE TAKE FURTHER NOTICE** that any objection to the form of order lodged herewith must be filed with the Court, and served on parties through the Court's NEF system, no later than November 25, 2020, at 6:00 p.m. (PST).

**PLEASE TAKE FURTHER NOTICE** that any response to any timely-filed objection must be filed with the Court, and served on parties through the Court's NEF system, no later than November 27, 2020, and the Court will consider any such objection and response and enter an order by November 30, 2020.

**PLEASE TAKE FURTHER NOTICE** that in the event no objection to the form of order is timely filed, the Court may enter an order prior to November 30, 2020.

---

[1]  Please abbreviate if title cannot fit into text field.

PMD 2707887v1 11/25/2020 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9021-1.2.BK.NOTICE.LODGMENT**

1  David S. Kupetz (CA Bar No. 125062)
   *dkupetz@sulmeyerlaw.com*

2  Asa S. Hami (CA Bar No. 210728)
   *ahami@sulmeyerlaw.com*

3  Claire K. Wu (CA Bar No. 295966)
   *ckwu@sulmeyerlaw.com*

4  **Sulmeyer**Kupetz
   A Professional Corporation

5  333 South Grand Ave, Suite 3400
   Los Angeles, California 90071

6  Telephone: 213.626.2311
   Facsimile: 213.629.4520

7

8  Attorneys for Glostation USA, Inc. and
   related debtors and debtors in possession

9              **UNITED STATES BANKRUPTCY COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| 11  In re | Case No. 1:20-bk-11435-MB |
| 12  GLOSTATION USA, INC., a Delaware corporation, and related debtors, | Chapter 11 |
| 13                Debtors. | (Jointly Administered with Case Nos. 1:20-bk-11436-MB; 1:20-bk-11437-MB; 1:20-bk-11438-MB; 1:20-bk-11439-MB; 1:20-bk-11434-MB; 1:20-bk-11440-MB; 1:20-bk-11441-MB; 1:20-bk-11442-MB; 1:20-bk-11443-MB; 1:20-bk-11444-MB) |
| 14 | |
| 15  Federal EIN:  37-1875688 | |
| 16 | |
| 17 | **ORDER GRANTING MOTION FOR ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**[1] |
| 18 | |
| 19 | [Relates to Dkt. Nos. 206, 230] |
| 20 | Confirmation Hearing *Via ZoomGov* |
| 21 | Date:  November 24, 2020 |
| 22 | Time:  9:00 a.m.<br>Place:  Courtroom 303 |
| 23 | 21041 Burbank Blvd.<br>Woodland Hills, CA  91367 |

24

25

26

27  [1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the *Debtors' First Amended Joint Plan of Reorganization* [Dkt. No. 206].

28

ASH 2707532v6

2

(Left margin, vertical text: **Sulmeyer**Kupetz, A Professional Corporation / 333 SOUTH GRAND AVENUE, SUITE 3400 / LOS ANGELES, CALIFORNIA  90071-1406 / TEL. 213.626.2311 • FAX 213.629.4520)

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    The *Motion For Order Confirming Debtors' First Amended Joint Plan of Reorganization*

2  [Dkt. No. 230] (the "<u>Motion</u>"), filed by Glostation USA, Inc., and its related debtors and debtors

3  in possession in the above-captioned, jointly-administered chapter 11 cases (collectively, the

4  "<u>Debtors</u>"), and confirmation of the *Debtors' First Amended Joint Plan of Reorganization* [Dkt.

5  No. 206] (the "<u>Plan</u>"), came on for hearing on regular notice on November 24, 2020, at 9:00 a.m.,

6  before the Honorable Martin R. Barash, United States Bankruptcy Judge (the "<u>Confirmation</u>

7  <u>Hearing</u>").  Appearances at the Confirmation Hearing were as noted on the record.

8    This Court, having considered: (i) the Plan; (ii) the *First Amended Disclosure Statement*

9  *Describing Debtors' First Amended Joint Plan of Reorganization* [Dkt. No. 205] (the "<u>Disclosure</u>

10  <u>Statement</u>" or "<u>DS</u>"); (iii) the *Notice of: (1) Approval of Disclosure Statement Describing*

11  *Debtors' Joint Plan of Reorganization; (2) Hearing on Confirmation of Plan of Reorganization*

12  *And Related Dates And Deadlines; And (3) Procedures And Requirements Relating to Voting on*

13  *Plan of Reorganization* [Dkt. No. 209] (the "<u>Confirmation Hearing Notice</u>"); (iv) the *Order*

14  *Granting Debtors' Motion For Order: (1) Approving Disclosure Statement Describing Debtors'*

15  *Joint Plan of Reorganization; (2) Establishing Voting, Plan Confirmation, And Other Procedures;*

16  *(3) Scheduling Plan Confirmation Hearing And Setting Other Related Dates And Deadlines; And*

17  *(4) Providing Other Ancillary And Related Relief* [Dkt. No. 215]; (v) the Debtors' *Notice of*

18  *Submission of Plan Solicitation Package* and accompanying exhibits (the "<u>Plan Solicitation</u>

19  <u>Package</u>") [Dkt. No. 217]; (vi) the Debtors' *Plan Ballot Summary; Declaration of Claire K. Wu in*

20  *Support Thereof* and accompanying exhibits [Dkt. No. 228] (the "<u>Ballot Summary</u>"); (vii) the

21  Motion and all declarations, exhibits, and other pleadings, briefs, documents, and papers filed in

22  support of the Plan and the Motion, including, without limitation, the *Declaration of Steven Zhao*

23  *in Support of Motion For Order Confirming Debtors' First Amended Joint Plan of Reorganization*

24  [Dkt. No. 231] (the "<u>Zhao Declaration</u>"), the *Declaration of Elaine Kwan in Support of Motion*

25  *For Order Confirming Debtors' First Amended Joint Plan of Reorganization* [Dkt. No. 232] (the

26  "<u>Kwan Declaration</u>"), the *Declaration of Gary E. Lotzer in Support of Motion For Order*

27  *Confirming Debtors' First Amended Joint Plan of Reorganization* and exhibits thereto [Dkt. No.

28  233] (the "<u>Lotzer Declaration</u>"), and the *Appendix of Exhibits to Declaration of Steven Zhao and*

ASH 2707532v6                              1

1    *Declaration of Elaine Kwan in Support of Motion For Order Confirming Debtors' First Amended*

2    *Joint Plan of Reorganization* [Dkt. No. 235] (collectively with the Zhao Declaration, the Kwan

3    Declaration, the Lotzer Declaration, and the Declaration of Claire K. Wu in support of the Ballot

4    Summary, the "Debtor Declarations"); (viii) the Debtors' *Notice of Supplement to List of*

5    *Contracts to be Assumed Under Debtors' Joint First Amended Plan of Reorganization* [Dkt. No.

6    234] (the "Plan Supplement"); (viii) the *Limited Objection of Oakbrook Shopping Center, LLC to*

7    *Confirmation of Debtors' First Amended Joint Plan of Reorganization* [Dkt. No. 249] (the

8    "Limited Objection"); (ix) the *Opposition to Motion For Order Confirming Debtors' First*

9    *Amended Joint Plan of Reorganization* [Dkt. No. 250] (the "Committee Objection"), filed by the

10    Official Committee of Unsecured Creditors (the "Committee"), and all documents and papers filed

11    in support of the Committee Objection; (x) the *Reply of Silicon Valley Bank in Support of*

12    *Confirmation of Debtors' First Amended Joint Plan of Reorganization* [Dkt. No. 256] (the "SVB

13    Reply"); (xi) the *Debtors' Omnibus Reply Memorandum in Support of Motion For Order*

14    *Confirming Debtors' First Amended Joint Plan of Reorganization* [Dkt. No. 258] (the "Debtor

15    Reply"), and all documents and papers filed in connection with the Debtor Reply, including the

16    *Request For Judicial Notice in Support of Debtors' Omnibus Reply Memorandum in Support of*

17    *Motion For Order Confirming Debtors' First Amended Joint Plan of Reorganization* [Dkt. No.

18    259] and the exhibits thereto (the "RFJN"); (xii) the arguments, statements, and representations of

19    counsel at the Confirmation Hearing; (xiii) and the record in these bankruptcy cases and any

20    adversary proceeding in these cases; and each of the Debtors' witnesses having been present at the

21    Confirmation Hearing and available for examination; and no party filing or asserting any

22    evidentiary or other objection to the admission into evidence of any of the Debtor Declarations,

23    the RFJN, or any exhibits to any such declarations and RFJN; and the Court having been advised

24    that the Limited Objection was consensually resolved and withdrawn as set forth in the Debtor

25    Reply; and the Court having considered the Committee's *Ex Parte Motion For Leave to Excuse*

26    *Late Filing of Declarations* [Dkt. No. 260], which the Court denied pursuant to separate order of

27    the Court (the "Ex Parte Denial Order"); and the Court, pursuant to Ex Parte Denial Order, having

28    struck from the record the untimely-filed *Declaration of Daniel Mullin in Support of Official*

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  *Committee of Unsecured Creditors' Opposition to Motion For Order Confirming Debtors' First*

2  *Amended Joint Plan of Reorganization* [Dkt. No. 255] (the "<u>Mullin Declaration</u>"), filed on

3  November 19, 2020, and untimely-filed the *Declaration of Phillip Preis in Support of Official*

4  *Committee of Unsecured Creditors' Opposition to Motion For Order Confirming Debtors' First*

5  *Amended Joint Plan of Reorganization* [Dkt. No. 257] (together with the Mullin Declaration, the

6  "<u>Committee Declarations</u>"), filed on November 20, 2020; and the Court having determined that

7  confirmation of the Plan as set forth in this Order is proper, appropriate, and warranted even if the

8  Court had not stricken and considered the Committee Declarations; and the Court having found

9  that any and all of the papers in support of confirmation of the Plan having been properly and

10  timely filed, lodged, or otherwise submitted to the Court, and served on all necessary parties; and

11  no oppositions or objections to the Plan or its confirmation, or to assumption or rejection of any

12  contracts or leases, other than the Limited Objection (which was resolved and withdrawn) and the

13  Committee Objection having been filed; and no party having filed any Cure Claim Objection; and

14  the Court having found that the Confirmation Hearing Notice and the other materials included in

15  the Plan Solicitation Package were proper and timely filed and served on all necessary parties; and

16  having been fully advised, and for all the reasons set forth in the Motion, the Debtor Reply, the

17  SVB Reply, and on the record of the Confirmation Hearing, the Court hereby finds, as a matter of

18  fact, and concludes, as a matter of law, as follows:[2]

19  A.    <u>Jurisdiction and Venue</u>

20         This Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334.  Venue is proper

21  in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding as defined

22  in 28 U.S.C. § 157(b)(2)(L) and (O).  This Court has the authority to enter a final order confirming

23

24

_____

25  [2] This Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal
26  Rules of Civil Procedure, made applicable to these proceedings by Rules 7052 and 9014 of the Federal
    Rules of Bankruptcy Procedure.  Any and all findings of fact shall constitute findings of fact even if they
27  are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even
    if they are stated as findings of fact.

28

ASH 2707532v6                          3

1  the Plan pursuant to 11 U.S.C. §§ 1128 and 1129.[3]

2  B.      Notice and Due Process

3      Each of the Confirmation Hearing Notice, the Disclosure Statement, the Plan, the other

4  materials included in the Plan Solicitation Package, and all other papers filed in support of

5  confirmation of the Plan was served timely upon all creditors and other parties in interest in these

6  bankruptcy cases.  Such notice and service was proper, adequate, and reasonable, and in

7  accordance with 11 U.S.C. § 1125, Rules 2002, 3017 and 3018 of the Federal Rules of Bankruptcy

8  Procedure and Local Bankruptcy Rule 9013-1.

9  C.      Good Faith Solicitation

10      The Debtors conducted their solicitation of acceptances or rejections of the Plan and the

11  related distribution and tabulation of all ballots to accept or reject the Plan ("Ballots") with respect

12  to that solicitation in good faith.  The solicitation, distribution, and tabulation complied with: (i)

13  all applicable orders of the Court; (ii) all applicable provisions of the Bankruptcy Rules (including,

14  but not necessarily limited to, Bankruptcy Rules 3017 and 3018); (iii) all applicable provisions of

15  the Bankruptcy Code; and (iv) all other applicable laws, rules, and regulations.

16  D.      Balloting

17      All Ballots were properly served and tabulated.  The following classes in the Plan are

18  Impaired (as defined in section 1124):  Classes 1, 2, 3, 5, 6, and 7.  The following classes in the

19  Plan are not Impaired and deemed to accept the Plan:  Classes 4a, 4b, 8, and 9.  As set forth in the

20  Ballot Summary, Classes 1, 2, 3, 6, and 7 voted to accept the Plan.  Class 5 voted to reject the

21  Plan.

22  E.      Compliance With The Requirements of Section 1129

23      The Plan complies with all of applicable requirements of 11 U.S.C. § 1129 as is necessary

24  to confirm the Plan, as follows:

25      1.      Section 1129(a)(1):  The Plan complies with the applicable provisions of the

26  

27  [3] Unless otherwise indicated, all sections referred to herein are to Title 11 of the United States Code, § 101 *et seq.* (the "Bankruptcy Code").

28  

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

ASH 2707532v6                                    4

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Bankruptcy Code, in accordance with 11 U.S.C. § 1129(a)(1), including, without limitation, each

2  of sections 1122 and 1123.

3          2.          Section 1129(a)(2): The Debtors complied with the applicable provisions of the

4  Bankruptcy Code, in accordance with 11 U.S.C. § 1129(a)(2), including, without limitation, each

5  of sections 1125 and 1126, and all orders of this Court.

6          3.          Section 1129(a)(3): The Plan was proposed in good faith and not by any means

7  forbidden by law, in accordance with 11 U.S.C. § 1129(a)(3).

8          4.          Section 1129(a)(4): Unless otherwise ordered by the Court, all bankruptcy estate

9  professionals rendering pre-confirmation services shall receive payment under the Plan only with

10  prior Court approval such that any payment made for services rendered or for costs and expenses

11  incurred in connection with these cases have been approved by, or will be subject to approval of,

12  the Court as reasonable, in accordance with 11 U.S.C. § 1129(a)(4).

13          5.          Section 1129(a)(5): The Plan disclosed the identity and affiliations of any

14  individual proposed to serve, after confirmation of the Plan, as an officer of the Debtors, as well as

15  the identity of any insider of the Debtors that will be employed by the Reorganized Debtors and

16  the nature of any compensation to such insider, and otherwise satisfies the disclosure requirements

17  of 11 U.S.C. § 1129(a)(5).  The proposed post-confirmation management of the Debtors is

18  consistent with the interests of creditors and equity security holders and with public policy, and

19  satisfies 11 U.S.C. § 1129(a)(5).

20          6.          Section 1129(a)(6): Section 1129(a)(6) requires the approval of any "rate changes"

21  provided under the plan from the relevant governmental regulatory commission.  There are no

22  such rate changes provided under the Plan and no such governmental agency with jurisdiction over

23  the Debtors.  Therefore, 11 U.S.C. § 1129(a)(6) is inapplicable.

24          7.          Section 1129(a)(7): Neither the Committee nor any other party in interest asserted

25  that the Plan did not comply with section 1129(a)(7).  In any event, the Court finds that each

26  holder of a claim in an Impaired class has accepted the Plan or will receive or retain under the Plan

27  on account of such claim property of a value, as of the Effective Date of the Plan (the "Effective

28  Date"), that is not less than the amount that such holder would so receive or retain if the Debtors

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    were to be liquidated under chapter 7 on such date, in accordance with 11 U.S.C. § 1129(a)(7).

2        8.    Section 1129(a)(8): Apart from Class 5, each Class has either accepted the Plan or

3    is not Impaired under the Plan, in accordance with 11 U.S.C. § 1129(a)(8), as follows:

4            (a)    Class 1 is Impaired and voted to accept the Plan.

5            (b)    Class 2 is Impaired and voted to accept the Plan.

6            (c)    Class 3 is Impaired and voted to accept the Plan.

7            (d)    Class 4a is not Impaired and deemed to accept the Plan.

8            (e)    Class 4b is not Impaired and deemed to accept the Plan.

9            (f)    Class 5 is Impaired and voted to reject  the Plan; however, the Plan satisfies

10   the requirements of 11 U.S.C. § 1129(b) as the Plan does not discriminate unfairly against, and is

11   fair and equitable, as to Class 5.

12           (g)    Class 6 is Impaired and voted to accept the Plan.

13           (h)    Class 7 is Impaired and voted to accept the Plan.

14           (i)    Class 8 is not Impaired and deemed to accept the Plan.

15           (j)    Class 8 is not Impaired and deemed to accept the Plan.

16       9.    Section 1129(a)(9): The Plan's treatment of administrative expenses and other

17   priority claims complies with the provisions of the Bankruptcy Code as set forth in section

18   1129(a)(9).

19       10.    Section 1129(a)(10): Each of Classes 1, 2, 3, 6, and 7 voted to accept the Plan.

20   Classes 1, 3, and 3 do not include any Insiders.  As a result, at least one class of claims that is

21   Impaired has accepted the Plan, determined without including any acceptance of any Insider, in

22   accordance with 11 U.S.C. § 1129(a)(10).  Section 1129(a)(10) is satisfied even though the Plan

23   relates to multiple debtors.  *See JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort*

24   *Props. (In re Transwest Resort Props.)*, 881 F.3d 724, 729 (9th Cir. 2018) (holding that "[u]nder

25   its plain language, once a single impaired class accepts a plan, section 1129(a)(10) is satisfied as to

26   the entire plan").  Even if section 1129(a)(10) applied on a "per debtor" basis, the Court finds that

27   it is satisfied.  Each of the Debtors are obligated on the SVB Secured Claim and the TPC Secured

28   Claim, and both of the classes comprising those claims (Class 1 and Class 2, respectively) are

1   impaired, include no insiders, and accepted the Plan.

2      11.    Section 1129(a)(11): The Plan satisfies the feasibility requirements of 11 U.S.C. §

3   1129(a)(11), and the Debtors established that the Plan has a reasonable likelihood of success.

4      12.    Section 1129(a)(12): The Plan provides for payment on the Effective Date of all

5   fees, if any, payable under 28 U.S.C. § 1930, in accordance with 11 U.S.C. § 1129(a)(12).

6      13.    Sections 1129(a)(13) Through 1129(a)(16): Sections 1129(a)(13) through

7   1129(a)(16) are inapplicable to the Plan. The Debtors: (a) do not have any retiree benefits that fit

8   within 11 U.S.C. § 1129(a)13), and (b) are neither individuals nor non-profit entities, rendering the

9   provisions of 11 U.S.C. §§ 1129(a)(14) through (a)(16) inapplicable.

10  F.    Non-Consensual Confirmation (Section 1129(b))

11      The Plan is required to satisfy section 1129(b) with respect to Class 5 (General Unsecured

12  Creditors). Notwithstanding the arguments in the Committee Objection and those raised on the

13  record of the Confirmation Hearing by the Committee, the Plan does not unfairly discriminate

14  against Class 5 in accordance with 11 U.S.C. § 1129(b)(1). The Plan also is fair and equitable as

15  to Class 5 in accordance with 11 U.S.C. § 1129(b)(2)(B)(ii). Notwithstanding the arguments in

16  the Committee Objection and those raised on the record of the Confirmation Hearing by the

17  Committee, the Cash Contribution is sufficient, satisfies each of the requirements for the new

18  value exception to the absolute priority rule. In addition, the Lotzer Declaration and

19  accompanying Mentor Report is very thorough and very persuasive, and establishes that the

20  Debtors have engaged in an appropriate marketing process that comported with *Bank of Am. Nat'l*

21  *Trust & Sav. Ass'n v. 203 N. La Salle St. P'ship*, 526 U.S, 434, 458 (1999), in all respects, and the

22  Debtors have conclusively demonstrated by a preponderance of the evidence that the value of the

23  Reorganized Interests is $0.00 and the Cash Contribution in the sum of $700,000 is substantially

24  more than the value of the Reorganized Interests. Further, the Cash Contribution is new money,

25  substantial, and necessary for an effective reorganization. Accordingly, the Plan satisfies all

26  applicable requirements of 11 U.S.C. § 1129(b) and the Plan may be confirmed notwithstanding

27  the requirements of 11 U.S.C. § 1129(a)(8) were not met with respect to the Plan.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

ASH 2707532v6

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

G.    Plan Modification

As to modifications to the Plan made: (i) there have been no material revisions to the Plan since approval of the adequacy of the Disclosure Statement that would diminish the treatment of allowed claims under the Plan, materially alter the Plan, or bear upon its feasibility in such a way that additional disclosure or re-solicitation would be necessary; (ii) no modifications to the Plan since approval of the Disclosure Statement adversely changed the treatment under the Plan of the claim of any creditor that voted to accept the Plan; (iii) no modification to the Plan resulted in the Plan failing to meet the requirements of sections 1122 or 1123; and (iv) no further or other disclosure was required by section 1125 because no parties voting on the Plan were materially affected by any modification to the Plan.  Accordingly, to the extent any Plan modifications have been made, such modifications comply in all respects with section 1127(a) and Bankruptcy Rule 3019(a).

H.    Assumption of Unexpired Leases And Executory Contracts

To the extent the Debtors are assuming any unexpired leases or executory contracts under the Plan as opposed through separate motion and order of the Court, the requirements of sections 1123(b) and 365 (to the extent applicable) regarding such assumption have been satisfied such that the unexpired leases and executory contracts to be assumed by the Debtors under the Plan (if any) may be assumed as set forth therein.

I.    Waiver of Stay of Order; Effectiveness of Order And Plan

The Court determines that Rules 3020(e) and 6004(h) of the Federal Rules of Bankruptcy Procedure, and any other statute, rule, law, or provision imposing an automatic stay on the effectiveness of this Order or the Plan should be waived, and that this Order shall be effective immediately upon its entry.

Based on foregoing findings of fact and conclusions of law, and for all the reasons set forth on the record of the Confirmation Hearing, and for good cause appearing therefor, it is hereby **ORDERED** as follows:

1.    Motion.  The Motion is **GRANTED** in its entirety.

2.    Confirmation of Plan.  The Plan is **CONFIRMED**.  Any and all objections to

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    confirmation of the Plan, including the Committee Objection, the Limited Objection, and any

2    other objection raised prior to entry of this Order, including at the Confirmation Hearing, have

3    been withdrawn, consensually resolved, or otherwise are hereby overruled.  In the event of any

4    inconsistency between any provisions or directives in this Order, on the one hand, and the

5    provisions in the Plan, on the other hand, this Order shall control.  The failure to reference or

6    discuss any particular provision of the Plan in this Order shall have no effect on this Court's

7    approval and authorization of, or the validity, binding effect and enforceability of, such provision,

8    and each provision of the Plan is hereby expressly authorized and approved and each provision of

9    the Plan shall have the same validity, binding effect, and enforceability as every other provision of

10    the Plan.

11        3.    Administrative Expense Claims; Professional Fee Applications.  The deadline to

12    file requests for allowance of Administrative Expense Claims is thirty (30) calendar days after the

13    Effective Date.  Other than with respect to fees and expenses of any professionals of any of the

14    Secured Creditors payable by the Estates, or any post-Petition Date trade payables not payable in

15    the ordinary course of business until after the Effective Date, all applications for allowance and

16    payment of Administrative Expense Claims that have not been paid, released, or otherwise settled,

17    including, but not limited to, final applications for allowance and payment of Administrative

18    Expense Claims for Professional fees and expenses, shall be filed by this deadline or forever be

19    barred.  Professionals shall file a final application for allowance and payment of their fees and

20    expenses in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules,

21    and any orders or rules of the Court, which shall act as the only necessary documentation of

22    Administrative Expense Claims for Professionals.

23        4.    Post-Confirmation Professionals.  After confirmation of the Plan, the Reorganized

24    Debtors shall be permitted to retain or employ any professional (or maintain employment of any

25    professional the Debtors employed prior to the Effective Date) without the need for any notice to

26    creditors and without the need for obtaining any approval or order of the Bankruptcy Court.  Any

27    professional employed by any Debtor or Reorganized Debtor, as applicable, after confirmation of

28    the Plan will be entitled to obtain payment of all fees and costs incurred after confirmation of the

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Plan in the ordinary course of business as a post-confirmation operating expense from funds of the

2  Estates, the Debtors, or the Reorganized Debtors, without the need for any notice to creditors or

3  other parties in interest and without the need for obtaining any approval of the Bankruptcy Court.

4  Notwithstanding the foregoing, if the Debtors or Reorganized Debtors, as applicable, should fail to

5  pay any post-confirmation fees and costs of a professional entitled to such payment within thirty

6  (30) calendar days after the professional's rendering of its billing statement, the professional will

7  be entitled to seek, by motion or application filed in accordance with the Bankruptcy Rules, an

8  order of the Bankruptcy Court requiring the Debtors or Reorganized Debtors, as applicable, to

9  forthwith pay to the professional its fees and costs.

10          5.       Assumption of Executory Contracts; Obligations Under Assumed Modified Leases.

11          (a)      As of the Effective Date, the executory contracts (if any) identified in

12  section 6.1 of the Plan and in the Plan Supplement (together, the "Assumed Contracts List") shall

13  be deemed to be assumed by the Estates, with the Cure Claims (if any) to be paid by the Debtors

14  in the amounts and on the terms set forth in the Plan.  All of the Debtors' remaining executory

15  contracts (if any) which have not been previously assumed or rejected by the Debtors and which

16  are not included among the Assumed Contracts List shall be deemed rejected as of the Effective

17  Date.

18          (b)      Notwithstanding anything to the contrary in the Plan or this Confirmation

19  Order, with respect to any unexpired lease of non-residential real property assumed (as modified)

20  by separate Order of the Court or being assumed (as modified) under the Plan (each, an "Assumed

21  Modified Lease"), and unless otherwise agreed between the parties, nothing in the Plan or this

22  Confirmation Order shall modify, waive, or release any of the rights or obligations of the

23  contracting parties, or any of their respective assignors, as applicable, under or arising from such

24  Assumed Modified Lease, including, without limitation, common area maintenance charges, taxes,

25  year-end or periodic adjustments or reconciliations, and indemnity obligations ("Continuing

26  Obligations") under the Assumed Modified Lease, regardless of when such amounts were incurred

27  or accrued, unless otherwise provided in the Assumed Modified Lease.  Nothing in the Plan or this

28  Confirmation Order requires a counterparty to any rejected lease of nonresidential real property to

ASH 2707532v6                          10                                    12

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    seek Bankruptcy Court authorization to amend a timely-filed claim arising from the rejection of

2    such lease (an "Amended Lease Claim") to include Continuing Obligations accruing from and

3    after the rejection date and no such claims shall be disallowed absent an objection filed by the

4    Debtors or Reorganized Debtors, with sufficient notice and an opportunity for such counterparty

5    to respond and be heard. Notwithstanding the immediately preceding sentence, or anything else to

6    the contrary in the Plan or this Confirmation Order, any and all of the Debtors' and Reorganized

7    Debtors' rights, defense, and objections in respect of such Amended Lease Claim are reserved.

8        6.    Disposition of Unexpired Leases for San Mateo and Cerritos.  Notwithstanding

9    anything to the contrary in the Plan or this Order, with respect to the leases relating to the store

10   locations for each of San Mateo and Cerritos, the Debtors may file a motion to assume such lease

11   (as modified) by no later than December 4, 2020, absent which such lease shall be deemed

12   rejected (the "Assumption Deadline").  The Assumption Deadline may be extended by motion or

13   stipulation of the contracting parties filed on or before expiration of the applicable Assumption

14   Deadline.  Notwithstanding anything to the contrary, assumption of the leases (as modified) shall

15   for all purposes be deemed effective as of the date entry of this Order.

16       7.    Extent of Liens on Leasehold Interests.  Notwithstanding anything to the contrary

17   in this Order, the Plan, the Plan Documents, the Cash Collateral Order, any other order in these

18   cases, or the Prepetition Loan Documents (as defined in the Final Cash Collateral Order), the post-

19   Effective Date liens of SVB and TPC shall extend to the proceeds of the prospective disposition of

20   the Debtors' non-residential real property leases (in accordance with their respective priorities),

21   but shall not include a direct lien on such leasehold interests.

22       8.    Effectiveness of Documents; Further Transactions.  On the Effective Date, the

23   Plan, the Plan Documents (if any), and any other documents issued, executed, delivered, filed, or

24   recorded pursuant to the Plan, including, without limitation, (a) amended corporate governance

25   documents, if any, and (b) any other document issued, executed, delivered, filed, or recorded in

26   connection with any of the foregoing or any other Plan document, shall be deemed approved and

27   authorized by the Bankruptcy Court, and, to the extent not already effective by their respective

28   terms, shall become effective and binding in accordance with their respective terms and conditions

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  upon the entities that are parties thereto and shall be deemed to become effective simultaneously.

2  On the Effective Date, the Reorganized Debtors shall be authorized to execute, deliver, file, or

3  record such contracts, instruments, releases, indentures, and other agreements or documents, and

4  take such other actions as may be necessary or appropriate, to effectuate and further evidence the

5  terms and conditions of the Plan, and shall be authorized to certify or attest to any of the foregoing

6  actions, if necessary.  On the Effective Date, all actions contemplated by the Plan will be deemed

7  authorized and approved in all respects, and the Reorganized Debtors shall be authorized and

8  directed to implement the provisions of the Plan, and any other agreements, documents, and

9  instruments contemplated by the Plan (including, without limitation, any appropriate amendments

10  to corporate governance documents), in the name, and on behalf, of the Reorganized Debtors

11        9.        Stamp Tax.  Notwithstanding anything to the contrary in the Plan or this Order,

12  pursuant to 11 U.S.C. § 1146(a), the issuance, transfer, or exchange of a security, or the making or

13  delivery of an instrument of transfer under the Plan, if any, shall not be taxed under any law

14  imposing a stamp tax or similar tax.

15        10.       Local Rule-Mandated Provisions:

16        (a)       If any of the above-referenced cases are converted to one under chapter 7,

17  the property of the applicable Reorganized Debtor that has not been distributed under the Plan

18  shall be vested in the chapter 7 estate, except for property that would have been excluded from the

19  Estate if the case had always been one under chapter 7.

20        (b)       Within 120 days of the entry of this Order, the Debtors shall file a status

21  report with the Court explaining what progress has been made towards consummation of the Plan.

22  The status report shall be served on the United States Trustee, the 20 largest unsecured creditors,

23  and those parties who have requested special notice.  Further reports shall be filed every 120 days

24  and served on the same entities until a final decree is entered closing this case.  A post-

25  confirmation status conference shall take place on _____ ___, 2021, at __:__ _.m.

26        11.       Notice of Occurrence of Effective Date.  On the Effective Date or as soon

27  thereafter as is reasonably practicable, the Debtors shall file with the Bankruptcy Court a notice

28  that states the Effective Date has occurred and when it has occurred, and shall serve such notice on

ASH 2707532v6                                12                                14

1    all creditors in these cases.

2         12.    <u>Waiver of Automatic Stay</u>.  Notwithstanding anything to the contrary in the Plan,

3    the Plan shall be deemed effective immediately upon entry of this Order.  Any stay of this Order

4    or the Plan, or stay of the effectiveness of this Order or the Plan under Bankruptcy Rules 3020(e)

5    and 6004(h), or any other statute, rule, law, or provision imposing such stay, are waived, and this

6    Order and the Plan, and each of the provisions thereof, are effective immediately upon entry of

7    this Order.  Notwithstanding anything to the contrary in the Plan, the Effective Date of the Plan

8    shall be deemed to occur immediately upon entry of this Order, and the Debtors are entitled to

9    declare the effectiveness of the Plan immediately upon entry of this Order.  Unless otherwise

10   stated herein or in the Plan, any action to be taken or payment to be made on the Effective Date

11   may be taken or made on the Effective Date or as soon as reasonably practicable thereafter as set

12   forth in the Plan.

13                                      # # #

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

ASH 2707532v6

13

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
333 South Grand Avenue, Ste. 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>November 25, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Krista M Enns KEnns@beneschlaw.com, docket@beneschlaw.com

Roger F Friedman rfriedman@rutan.com

Asa S Hami on behalf of Interested Party Courtesy NEF
ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com; pdillamar@ecf.inforuptcy.com; cblair@sulmeyerlaw.com; ahami@ecf.inforuptcy.com

Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Brian D Huben on behalf of Creditor Mission Valley Shoppingtown LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor The Macerich Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor West Valley Owner, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com;mcatapang@allenmatkins.com

David S Kupetz on behalf of Debtor Glostation Core USA, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Glostation USA, Inc.
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Austin, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Cerritos, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Colony, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

PMD 2707887v1 11/25/2020 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

David S Kupetz on behalf of Debtor Sandbox VR Mission Valley, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Oakbrook, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Pop-Up, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Ridge Hill, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR San Mateo, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

David S Kupetz on behalf of Debtor Sandbox VR Topanga, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Adam A Lewis    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com

Debra Riley on behalf of Creditor ATEL Growth Capital dba ATEL Ventures
driley@allenmatkins.com

Catherine Schlomann Robertson on behalf of Creditor Bohannon Development Company
crobertson@pahl-mccay.com, mle@pahl-mccay.com

Michael St James on behalf of Interested Party CB-1 COMMERCIAL CO LLC, a Delaware limited liability company
ecf@stjames-law.com

Jason D Strabo on behalf of Creditor TriplePoint Capital LLC
jstrabo@mwe.com, cfuraha@mwe.com

Jason D Strabo on behalf of Debtor Glostation USA, Inc.
jstrabo@mwe.com, cfuraha@mwe.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Steven Werth on behalf of Debtor Glostation Core USA, Inc.
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Glostation USA, Inc.
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Austin, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Cerritos, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Colony, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Mission Valley, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

PMD 2707887v1 11/25/2020 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 17                    **F 9021-1.2.BK.NOTICE.LODGMENT**

Steven Werth on behalf of Debtor Sandbox VR Oakbrook, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Pop-Up, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Ridge Hill, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR San Mateo, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Debtor Sandbox VR Topanga, LLC
swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Glostation USA, Inc.
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Interested Party Courtesy NEF
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*)            , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>11/25/20</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA EMAIL ONLY:**

**DEBTORS**
Glostation USA, Inc.
Via Email: steve.zhao@sandboxvr.com

**SECURED CREDITORS**

Atel Growth Capital - **RFN**
c/o Johanna Johannesson
600 Montgomery Street, 9th FL
San Francisco, CA 94111
Ph: 414- 616-3461
Email: jjohannesson@atel.com

Atel Growth Capital - **RFN**
c/o Debra A. Riley, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Ph: 619- 235-1520
EMail: driley@allenmatkins.com

PMD 2707887v1 11/25/2020 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                         Page 18                              **F 9021-1.2.BK.NOTICE.LODGMENT**

Silicon Valley Bank
c/o Alexander Rheaume, Esq.
Morrison & Foerster LLP
200 Clarendon Street
Boston, MA 02116
Ph: 617-648-4770
Email: ARheaume@mofo.com
    BButterfield@mofo.com

TriplePoint Capital LLC
c/o Gary Rosenbaum
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Ph: 310-284-6133
Email: Grosenbaum@mwe.com
    Rorloff@mwe.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/25/20 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PMD 2707887v1 11/25/2020 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 19                                   **F 9021-1.2.BK.NOTICE.LODGMENT**