# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re*:<br><br>GLOSTATION USA, INC., a Delaware corporation, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No.: 1:20-bk-11435-MB<br><br>Jointly Administered<br><br>**[No Hearing Required Unless Requested]** |

**APPLICATION OF THE OFFICAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO OCTOBER 2, 2020**

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFCIE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy cases of the above captioned debtors and debtors-in-possession  (the "Debtors") submits this application (the "Application") for entry of an order authorizing and approving the employment and retention of Dundon Advisers LLC ("Dundon Advisers") as financial advisor to the Committee in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), *nunc pro tunc* to October 2, 2020, pursuant to § 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Central District of California (the "Local Rules").

In support of the Application, the Committee submits the *Declaration of Matthew Dundon* (the "Dundon Declaration"), a principal of Dundon Advisers, attached hereto as **Exhibit A**. In further support of the Application, the Committee respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and Local Rule 2014-1.

## Background

3.      On August 13, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court") commencing these Chapter 11 Cases.

4.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and their properties as debtors in possession.

5.      On September 17, 2020, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 127]. On October 2, 2020, the Committee met telephonically and engaged Dundon Advisers as its financial advisor in these Chapter 11 Cases.

## Relief Requested

6.      By this Application, the Committee requests entry an order approving the employment and retention of Dundon Advisers as the Committee's financial advisor, *nunc pro tunc* to October 2, 2020, which is the date on which Dundon Advisers began rendering services to

the Committee.  The Committee seeks to retain Dundon Advisers to perform financial advisory

services for the Committee, in accordance with the terms set forth in this Application, pursuant to

sections 328(a) and 1103(a) of the Bankruptcy Code.

### The Retention of Dundon Advisers is Warranted

7.      Dundon Advisers is a financial advisory firm whose professionals' experience with

distressed assets and the bankruptcy process goes back to the 1990's and which has a leading

national platform particularly focused on litigation claims in bankruptcy.  Dundon Advisers is or

recently was financial adviser or co-financial adviser to the Official Committees of Unsecured

Creditors appointed in the *Alpha Entertainment (XFL)*, *BeavEx*, *Comcar*, *Celadon*, *Juno USA*,

*Fuse Media*, *iPic Theatres*, *Impresa Aerospace, LBI Media*, *Loot Crate*, *Maines Paper & Food*,

*Mallinckrodt, Proteus Digital Health*, *Open Road Films*, *SIW Holdings*, *YogaWorks*, *YouFit* and

*Vector Launch* cases in Delaware; the *All American Oil* and *Gas and Remnant Oil Company* cases

in the Western District of Texas; the *Eco-Stim* cases in the Southern District of Texas; the *Golds*

*Gym*, *Studio Movie Grill* and *LaSalle Group* cases in the Northern District of Texas; the *Jagged*

*Peak* cases in the District of Nevada; the *Slidebelts* case in the Eastern District of California; the

*Frank Theatres, Congoleum* and *Video Corporation of America* cases in the District of New Jersey;

the *Goodrich Quality Theatres* cases in the Western District of Michigan; the *Valmiera Glass* case

in the Northern District of Georgia; the *K&W Cafeterias* case in the Middle District of North

Carolina, the *Agera Energy, Aralez Pharmaceuticals, and McClatchy Company* cases in the

Southern District of New York; the *Wave Computing Inc.* cases in the Northern District of

California, and the *1 Global Capital* cases in the Southern District of Florida.  Dundon Advisers

is or was financing adviser or co-financial adviser to the Official Committee of Tort Claimants in

the *PG&E* cases in the Northern District of California; the Ad Hoc Noteholder Group in the

*Woodbridge Group of Companies* cases, the Ad Hoc Committee of Consumer and Worker Litigation Creditors in the *Hertz* cases, the Ad Hoc Committee of Equity Securities Holders in the *RAIT Financial* cases and the Ad Hoc Committee of Plan Participants in the *Ruby Tuesday* cases in Delaware; and the Ad Hoc Committee of Individual Victims in the *Purdue* cases in the Southern District of New York.  All of the foregoing are highly complex Chapter 11 cases.  In addition to its service as a financial adviser to Committees, Dundon Advisers' clients have been appointed to scores of Official Committees of Unsecured Creditors in this and other Districts since April 2016, and Dundon Advisers has taken an active role in the activities of many of those Committees. Dundon Advisers also provides financial advisory and investment management services in other bankruptcy and non-bankruptcy contexts, and Dundon Advisers' senior professionals are regularly appointed in fiduciary capacities such as liquidating trustees and independent board members.

8.      Leadership in these Chapter 11 Cases for Dundon Advisers will be provided by firm Managing Director Peter Hurwitz, a 30+ year veteran restructuring leader, corporate executive, private equity investor, and attorney.  The Committee's selection of Dundon Advisers as a financial advisor was based upon, among other things: (a) the Committee's need to retain a financial advisory firm to provide advice relevant to the scope of the Committee's mandate; (b) Dundon Advisers' senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as these Chapter 11 Cases; (c) and Dundon Advisers' particular knowledge and expertise in retail, media and entertainment.

9.      The Committee determined that Dundon Advisers brought a unique blend of case-specific knowledge, relevant experience, and expertise.  The Committee believes that Dundon Advisers' proposed compensation structure is competitive, appropriate, and reasonable in the context of these Chapter 11 Cases.

**Scope of Services**

10.    Dundon Advisers will provide such financial advisory services to the Committee

as the Committee deems appropriate and feasible in order to advise the Committee in the course

of these Chapter 11 Cases, including, but not limited to, the following:

- Assistance in the analysis, review, and monitoring of the restructuring process, including, but not limited to, an assessment of the unsecured claims pool and potential recoveries for unsecured creditors;

- Develop a complete understanding of the Debtors' businesses and their valuations;

- Determine whether there are viable alternative paths for the disposition of the Debtors' assets from those being currently proposed by the Debtors;

- Monitor, and to the extent appropriate, assist the Debtors in efforts to develop and solicit transactions which would support unsecured creditor recovery;

- Assist the Committee in identifying, valuing, and pursuing estate causes of action, including, but not limited to, relating to pre-petition transactions, control person liability, and lender liability;

- Assist the Committee to address claims against the Debtors and to identify, preserve, value, and monetize tax assets of the Debtors;

- Advising the Committee in negotiations with the Debtors and third parties;

- Assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, statements of financial affairs, schedules of assets and liabilities, cash budgets, and monthly operating reports;

- Review and provide analysis of the disclosure statement and Chapter 11 plan;

- Attending meetings and assisting in discussions with the Committee, the Debtors, the secured lenders, the U.S. Trustee, and other parties in interest and professionals;

- Presenting at meetings of the Committee, as well as meetings with other key stakeholders and parties;

- Performing such other advisory services for the Committee as may be necessary or proper in these proceedings, subject to the aforementioned scope; and

- Provide testimony on behalf of the Committee as and when may be deemed appropriate.

**Professional Compensation**

11.      Section 328(a) of the Bankruptcy Code provides, in relevant part, that a committee appointed under Bankruptcy Code Section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

12.      Subject to the Court's approval and in accordance with Bankruptcy Code Section 328(a), Dundon Advisers proposes to render its services on a hourly fee basis based on the firm's customary hourly rates currently in effect through and including June 30, 2021 as set forth below for the professionals currently on the team:

| Professional | Standard Hourly Rate |
|---|---|
| Alex Mazier | $700 |
| Ammar Alyemany | $400 |
| April Kimm | $525 |
| Colin Breeze | $630 |
| Demetri Xistris | $550 |
| Eric Reubel | $600 |
| Harry Tucker | $475 |
| HeJing Cui | $400 |
| Laurence Pelosi | $700 |
| Lee Rooney | $400 |
| Matthew Dundon | $750 |
| Michael Garbe | $525 |
| Peter Hurwitz | $700 |
| Phillip Preis | $650 |
| Tabish Rizvi | $550 |

13.      Non-working travel time is billed at 50% of otherwise applicable rates.  Any professionals added to the team assigned to these Chapter 11 Cases whose rates are not set forth above will be at rates consistent with those above based upon such professionals' education, expertise, and experience.

14.      Dundon Advisers will be reimbursed for its reasonable and necessary out-of-pocket

expenses (which shall be charged at cost) incurred in connection with this engagement, such as

travel, lodging, duplicating, research, messenger, and telephone charges. Dundon Advisers will

charge for these expenses at rates consistent with or discounted to charges made to other Dundon

Advisers clients and subject to the guidelines of the U.S. Trustee.

15.     Dundon Advisers will maintain detailed records of fees and expenses incurred in

connection with the rendering of the legal services described above, in accordance with applicable

rules and guidelines.

16.     In light of the foregoing, the Committee believes that Dundon Advisers' fee

structure is reasonable, market-based, and designed to fairly compensate Dundon Advisers for its

work in these Chapter 11 Cases.

### Disinterestedness; Lack of Adverse Interest

17.     To the best of the Committee's knowledge and based on the Dundon Declaration,

the Committee submits that Dundon Advisers is a "disinterested person" as that term is defined in

Bankruptcy Code Section 101(14). The Committee submits that Dundon Advisers currently

neither holds nor represents any interest adverse to the Debtors' estates or the Committee, except

as set forth in the Dundon Declaration. Further, except as set forth in the Dundon Declaration,

Dundon Advisers has no connection with any Debtors, creditor, other party-in-interest, their

respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the

U.S. Trustee.

18.     Dundon Advisers will not, while employed by the Committee, represent any other

entity having an adverse interest in connection with these Chapter 11 Cases.

19.     The Committee has been informed that Dundon Advisers is conducting an ongoing

review of its files to ensure that no disqualifying circumstances arise. To the extent that Dundon

Advisers discovers any connection with any interested party or enters into any new relationship with any interested party, Dundon Advisers will promptly supplement its disclosure to the Court.

20. The Committee submits that the employment of Dundon Advisers on the terms and conditions set forth herein is in the best interests of the Committee and its constituency. *Nunc pro tunc* relief is warranted with respect to Dundon Advisers' retention. The Committee requests that Dundon Advisers' retention be made effective as of October 2, 2020, in order to allow Dundon Advisers to be compensated for the work it performed for the Committee as of and following the date it was retained, subject to the Court's consideration and approval of this Application. Due to the size and complex nature of these Chapter 11 Cases, as well as the expedited schedule occasioned by the Debtors seeking relief during the early stages of these Chapter 11 Cases, there was an immediate need for Dundon Advisers to perform services for the Committee upon its retention. The Committee submits that under the circumstances, retroactive approval to October 2, 2020, the date of Dundon Advisers' retention, is warranted.

**Statement Regarding U.S. Trustee Guidelines**

21. In accordance with the U.S. Trustee Guidelines, Dundon Advisers shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Dundon Advisers also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Dundon Advisers in these Chapter 11 Cases.

**No Prior Request**

No previous application for the relief requested herein has been made to this or any

other court.

WHEREFORE, the Committee respectfully requests entry of an order substantially

in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain Dundon

Advisers as financial advisor to the Committee, *nunc pro tunc* to October 2, 2020 and granting

such other and further relief as is just and proper.


Dated: December 18, 2020

Daniel Mullin
DKMullin Architects
Chairman of Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re*:<br><br>GLOSTATION USA, INC., a Delaware corporation, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No.: 1:20-bk-11435-MB<br><br>Jointly Administered<br><br>**[No Hearing Required Unless Requested]** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 2, 2020**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned Debtors and Debtors in possession (the "Debtors"), for entry of an order authorizing the Committee to employ and retain Dundon Advisers LLC ("Dundon Advisors") as its financial advisors *nunc pro tunc* to October 2, 2020; and upon consideration of the Declaration of Matthew Dundon in support of the Application (the "Dundon Declaration"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court being satisfied, based on the representations made in the Application and the Dundon Declaration, that Dundon Advisers does not represent or hold any interest adverse to the Debtors or their estates

concerning the matters upon which Dundon Advisers has been and is to be employed, and that

Dundon Advisers is a "disinterested person" as such term is defined in section 101(14) of the

Bankruptcy Code; and the Court having found that the employment and retention of Dundon

Advisers LLC is necessary and in the best interest of the Committee; and after due deliberation

and sufficient cause appearing therefor, it is hereby ORDERED that:

1.        The Application is granted to the extent set forth herein.

2.        In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain

Dundon Advisers as its financial advisor, *nunc pro tunc* to October 2, 2020 on the terms and

conditions set forth in the Application and the Dundon Declaration.

3.        Dundon Advisers shall apply for compensation in accordance with the procedures

set forth in sections 328, 330, and 331 of the Bankruptcy Code and such Bankruptcy Rules as may

then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4.        Notwithstanding anything to the contrary in the Application, Dundon Advisers

shall not seek reimbursement of any fees or costs arising from the defense of any of Dundon

Advisers' fee applications in these Chapter 11 Cases.

5.        The Committee and Dundon Advisers are authorized to take all actions they deem

necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with

the Application.

6.        The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

**7.**        The Court shall retain jurisdiction with respect to all matters arising or related to

the implementation of this order.

**EXHIBIT A**

**(Dundon Declaration)**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re*: <br><br> GLOSTATION USA, INC., a Delaware corporation, *et al.* <br><br> Debtors. | Chapter 11 <br><br> Case No.: 1:20-bk-11435-MB <br><br> Jointly Administered <br><br> **[No Hearing Required Unless Requested]** |

**DECLARATION OF MATTHEW DUNDON IN SUPPORT OF APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(A) FOR ENTRY OF AN ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** _NUNC PRO TUNC_ **TO OCTOBER 2, 2020**

I, MATTHEW DUNDON, declare under penalty of perjury as follows:

I am a Principal of Dundon Advisers LLC ("Dundon Advisers") and am duly authorized to execute this declaration on behalf of Dundon Advisers. I submit this declaration (the "Declaration") in support of the application (the "Application") for entry of an order authorizing the employment and retention of Dundon Advisers as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") *nunc pro tunc* to October 2, 2020. Unless otherwise stated, I have personal knowledge of the facts stated herein. To the extent any information disclosed herein requires amendment or modification upon Dundon Advisers' completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

**Dundon Advisers' Qualifications**

1.      Dundon Advisers is a financial advisory firm whose professionals' experience with distressed assets and the bankruptcy process goes back to the 1990's and which has a leading national platform particularly focused on litigation claims in bankruptcy.  Dundon Advisers is or recently was financial adviser or co-financial adviser to the Official Committees of Unsecured Creditors appointed in the *Alpha Entertainment (XFL)*, *BeavEx*, *Comcar*, *Celadon*, *Juno USA*, *Fuse Media*, *iPic Theatres*, *Impresa Aerospace, LBI Media*, *Loot Crate*, *Maines Paper & Food*, *Mallinckrodt, Proteus Digital Health*, *Open Road Films*, *SIW Holdings*, *YogaWorks*, *YouFit* and *Vector Launch* cases in Delaware; the *All American Oil* and *Gas and Remnant Oil Company* cases in the Western District of Texas; the *Eco-Stim* cases in the Southern District of Texas; the *Golds Gym*, *Studio Movie Grill* and *LaSalle Group* cases in the Northern District of Texas; the *Jagged Peak* cases in the District of Nevada; the *Slidebelts* case in the Eastern District of California; the *Frank Theatres, Congoleum* and *Video Corporation of America* cases in the District of New Jersey; the *Goodrich Quality Theatres* cases in the Western District of Michigan; the *Valmiera Glass* case in the Northern District of Georgia; the *K&W Cafeterias* case in the Middle District of North Carolina, the *Agera Energy, Aralez Pharmaceuticals, and McClatchy Company* cases in the Southern District of New York; the *Wave Computing Inc.* cases in the Northern District of California, and the *1 Global Capital* cases in the Southern District of Florida. Dundon Advisers is or was financing adviser or co-financial adviser to the Official Committee of Tort Claimants in the *PG&E* cases in the Northern District of California; the Ad Hoc Noteholder Group in the *Woodbridge Group of Companies* cases, the Ad Hoc Committee of Consumer and Worker Litigation Creditors in the *Hertz* cases, the Ad Hoc Committee of Equity Securities Holders in the *RAIT Financial* cases and the Ad Hoc Committee of Plan Participants in the *Ruby*

*Tuesday* cases in Delaware; and the Ad Hoc Committee of Individual Victims in the *Purdue* cases

in the Southern District of New York.  All of the foregoing are highly complex Chapter 11 cases.

In addition to its service as a financial adviser to Committees, Dundon Advisers' clients have been

appointed to scores of Official Committees of Unsecured Creditors in this and other Districts since

April 2016, and Dundon Advisers has taken an active role in the activities of many of those

Committees.  Dundon Advisers also provides financial advisory and investment management

services in other bankruptcy and non-bankruptcy contexts, and Dundon Advisers' senior

professionals are regularly appointed in fiduciary capacities such as liquidating trustees and

independent board members.

   2.  I believe that the Committee has selected Dundon Advisers as its financial

advisor based upon, among other things: (a) the Committee's need to retain a financial advisory

firm to provide advice relevant to the scope of the Committee's mandate; (b) Dundon Advisers'

senior professionals' extensive experience and excellent reputation in providing financial advisory

services in chapter 11 cases such as these cases; and (c) Dundon Advisers' and its professionals'

extensive experience in the retail and entertainment fields.

   3.  I further believe that the Committee determined that Dundon Advisers will

bring a unique blend of case-specific knowledge, relevant experience, and expertise given the

firm's experience and familiarity with the Debtors.

**Professional Compensation**

   4.  Subject to the Court's approval and in accordance with Bankruptcy Code

Section 328(a), I will cause Dundon Advisers to render its services on a hourly fee basis based on

the firm's customary hourly rates currently in effect through and including June 30, 2021 as set

forth below for the professionals currently on the team:

| Professional | Standard Hourly Rate |
| --- | --- |
| Alex Mazier | $700 |
| Ammar Alyemany | $400 |
| April Kimm | $525 |
| Colin Breeze | $630 |
| Demetri Xistris | $550 |
| Eric Reubel | $600 |
| Harry Tucker | $475 |
| HeJing Cui | $400 |
| Laurence Pelosi | $700 |
| Lee Rooney | $400 |
| Matthew Dundon | $750 |
| Michael Garbe | $525 |
| Peter Hurwitz | $700 |
| Phillip Preis | $650 |
| Tabish Rizvi | $550 |

5.      Non-working travel time is billed at 50% of otherwise applicable rates.  Any professionals added to the team assigned to these Chapter 11 Cases whose rates are not set forth above will be at rates consistent with those above based upon such professionals' education, expertise, and experience.

6.      Dundon Advisers will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger, and telephone charges.  Dundon Advisers will charge for these expenses at rates consistent with or discounted to charges made to other Dundon Advisers clients and subject to the guidelines of the U.S. Trustee.

7.      Dundon Advisers will maintain detailed records of fees and expenses incurred in connection with the rendering of the professional services described above, in accordance with applicable rules and guidelines.

8.      I believe that this fee structure is reasonable, market-based, and designed to fairly compensate Dundon Advisers for its work in these Chapter 11 Cases.

**Disinterestedness**

9.      Neither Dundon Advisers, any director, officer, or employee thereof, nor I, insofar as I have been able to ascertain, represents any interest adverse to that of the Debtors' estates in the matters upon which the Committee seeks to engage Dundon Advisers, and I believe the firm to be a "disinterested person" within the meaning of Bankruptcy Code Section 101(14).

10.     From time to time, Dundon Advisers has provided services, and likely will continue to provide services to certain creditors of the Debtors and various other parties adverse to the Debtors in matters wholly unrelated to these Chapter 11 Cases.  As described below, however, Dundon Advisers has undertaken a detailed search to determine and to disclose whether it is providing or has provided services to any significant creditor, investors, insider, or other party in interest in such unrelated matters.

11.     Dundon Advisers provides services in connection with numerous cases, proceedings, and transactions unrelated to these Chapter 11 Cases.  Those unrelated matters involve numerous attorneys, financial advisors, and creditors, some of whom may be claimants or parties with actual or potential interests in these Chapter 11 Cases or may represent such parties.

12.     Dundon Advisers' personnel may have business associations with certain creditors of the Debtors unrelated to these Chapter 11 Cases.  In addition, in the ordinary course of its business, Dundon Advisers may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other parties in interest in these Chapter 11 Cases.

13.     In connection with the preparation of this Declaration, Dundon Advisers conducted a review of its (and its employees') contacts with the Debtors, their non-Debtors affiliates, and certain entities holding large claims against or interests in the Debtors that were

made known to Dundon Advisers by counsel to the Debtors in these cases.

14.    Based on the results of its review, Dundon Advisers (including its employees) does not have a relationship with any of the parties in matters related to these proceedings.

16.    Further, as part of its diverse practice, Dundon Advisers is involved in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in these Chapter 11 Cases.  Further, Dundon Advisers (including its employees) has performed in the past, and may perform in the future, consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on Dundon Advisers' current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships creates interests materially adverse to the Debtors, and none is in connection with these Chapter 11 Cases.

17.    On a going forward basis, Dundon Advisers shall disclose any and all facts that may have a bearing on whether the firm and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest.

18.    To the best of my knowledge, neither I, Dundon Advisers, nor any of its employees is a "creditor" of any of the Debtors within the meaning of section 101(1) of the Bankruptcy Code; a holder of any of the Debtors' outstanding debt, equity or preferred stock investments; is or has been an insider of any of the Debtors; or is so connected with the Judges of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee or the Assistant Trustee, or Trial Attorneys for the Office of the U.S. Trustee, as to render the employment of Dundon Advisers as financial advisor for the Committee inappropriate under

Bankruptcy Rule 5002(b).

19.    None of Dundon Advisers, any director, officer, or employee thereof, nor I, insofar as I have been able to ascertain, is or was a director, officer, or employee of the Debtors as defined in Bankruptcy Code Sections 101(14)(B) or (C) within two years before the date of filing of the Debtors' Chapter 11 Cases.

20.    On the basis of the above, I believe Dundon Advisers to be a "disinterested person" within the meaning of Bankruptcy Code Section 101(14).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 24, 2020

Matthew J. Dundon