PETER C. ANDERSON
United States Trustee
KENNETH M. MISKEN
Assistant United States Trustee
RUSSELL CLEMENTSON/SBN 143284
Trial Attorney
Department of Justice
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
Telephone: (213) 894-4505; Facsimile: (213) 894-2603
Email: russell.clementson@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>GLOSTATION USA, INC., a Delaware corporation, and related debtors,<br><br>Debtors. | Case No. 1:20-bk-11435-MB<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 1:20-bk-11436-MB; 1:20-bk-11437-MB; 1:20-bk-11438-MB; 1:20-bk-11439-MB; 1:20-bk-11434-MB; 1:20-bk-11440-MB; 1:20-bk-11441-MB; 1:20-bk-11442-MB; 1:20-bk-11443-MB; 1:20-bk-11444-MB)<br><br>OPPOSITION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISOR NUNC PRO TUNC TO OCTOBER 2, 2020<br><br>Hearing Date<br>Date:<br>Time: [No hearing set]<br>Ctrm: 301<br>21041 Warner Center Lane<br>Woodland Hills, CA 91367 |

1

The United States Trustee has reviewed the Official Committee of Unsecured Creditors (Creditors Committee) Application to Employ Dundon Advisers LLC (the "Firm") as its Financial Advisor (the "Application") and objects to the Firm's request for a retroactive order approving their employment.

**A.      The Firm Has Not Demonstrated Any Basis For A Retroactive Employment Order.**

In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696 (2020), the Supreme Court addressed the limited scope of *nunc pro tunc* orders. There, the Supreme Court held that a Bankruptcy Court's remand of a removed proceeding to the Puerto Rico Court of First Instance - in August 2018, but "effective as of March 13, 2018" - did not restore the Court of First Instance's jurisdiction on the earlier date. Accordingly, the Court of First Instance's intervening payment and seizure orders were void for want of jurisdiction. *Id*. at 700-01.

As relates to nunc pro tunc orders, the Supreme Court stated that:

> Federal courts may issue *nunc pro tunc* orders or "now for then" orders … to "reflect the reality" of what has actually occurred. "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court."… Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history - creating 'facts' that never occurred in fact."

*See Acevedo*, 140 S.Ct. at 700-01 (emphasis added).

The Supreme Court's statements on the limited scope of nunc pro tunc orders are consistent with those of the Ninth Circuit Court of Appeals. *See, e.g*., *Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1116 n.1 (9th Cir. 2009) (a court's inherent power to make its records "speak the truth" is a limited one and may be "used only where necessary to correct a clear mistake and prevent injustice"); *Harbin v. IndyMac Bank, FSB (In re Harbin)*, 486 F.3d 510, 515 n.4 (9th Cir. 2007) (a court's power to enter nunc pro tunc orders is "limited to making the record reflect what the ... court actually intended to do at an earlier date but which it did not sufficiently express or did not accomplish due to some error or inadvertence.").

Here, the Firm filed its Application almost three months after it started rendering services. The Firm has not and cannot demonstrate that an order should be entered to reflect that the Court approved its retention as of an earlier date- because the Court did not.  Rather, the Firm failed to comply entirely with the rules governing employment of professionals.

**B.    Alternatively, The Firm Has Not Demonstrated Cause For A Retroactive Employment Order.**

In a line of cases that pre-dates the Supreme Court's decision in *Acevedo,* the 9th Circuit held that a professional seeking retroactive approval of employment must demonstrate exceptional circumstances. *See Atkins v. Wain*, 69 F.3d 970, 973-74 (9th Cir. 1995); *Groth Bros. Oldsmobile, Inc. v. Kendall (In re Groth Bros. Oldsmobile, Inc.)*, 635 F. App'x 365 (9th Cir. 2015). To establish the presence of exceptional circumstances, professionals seeking retroactive approval must satisfy two requirements: they must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner. *In re Atkins,* 69 F.3d at 974. An order authorizing retroactive employment is not to be routinely issued. *See, In re Crook*, 79 B.R. 475, 477 (B.A.P. 9th Cir. 1987). There is no right to receive a retroactive order and limiting them to extraordinary circumstances will deter attorneys and other estate professionals from general nonobservance of section 327. *See, In re Kroeger*, 57 B.R. 821, 822-823 (B.A.P. 9th Cir. 1986). Mere negligence or inattention is not sufficient to establish the requisite extraordinary circumstances. *See, In re Downtown Investment Club III*, 89 B.R. 59, 63 (B.A.P. 9th Cir. 1988).

Here, the Firm started performing services on October 2, 2020, and has not shown any facts justifying the almost three-month delay in submitting its employment application. Although the Firm describes its significant bankruptcy experience, the application reads like an application presented timely without any discussion of the facts and circumstances justifying the delay. The Firm has not identified any extraordinary circumstances much less demonstrated extraordinary circumstances. The Firm has also failed to show that it has benefitted the estate in some significant manner. The Firm has not even described what it did in this case or described the procedural posture of this case, including that a Plan has been confirmed and the Creditors Committee no longer exists. The Firm has failed to comply entirely to meet its burden to demonstrate extraordinary circumstances and significant benefit to the estate.

**C.    The Firm Has Failed To Comply With Its Duty To Disclose All Facts Relevant To Its Disinterestedness.**

It is mandatory that professionals seeking to be employed disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and their respective attorneys or accountants in the professional's application for employment after making reasonable inquiry.  The professional seeking employment has an affirmative duty to disclose all facts that are material to a determination of whether a conflict exists.  Federal Rule of Bankruptcy Procedure 2014(a) leaves a professional with no discretion to choose what connections are relevant or trivial to a Section 327 analysis and should or not should be disclosed.  *In re Envirodyne Indus., Inc*., 150 B.R. 1008, 1020-21 (Bankr. N.D. Ill 1993).  When a professional fails to disclose actual or potential conflicts, the court is prevented from exercising its statutory obligation to determine whether a professional is disinterested.  *In re Roberts*, 75 B.R. 402 (Bankr. D.Utah 1987).

Here, the Firm stated that it "is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise."  The disclosure is particularly troubling because it provides no disclosure about when the Firm started its conflicts check even though it started rendering services almost three months ago.  *See* Application, ¶ 19.

**D.    Conclusion**

In sum, the Firm has demonstrated a complete disregard of the rules governing employment of professionals and the Application should be denied.

DATED: December 30, 2020            PETER C. ANDERSON
                                    UNITED STATES TRUSTEE

                                    By:_/s/*Russell Clementson*_____
                                        Russell Clementson
                                        Attorney for the United States Trustee

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
915 Wilshire Blvd., Ste 1850, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISERS LLC
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
n/a

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
n/a

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/30/2020 | Russell Clementson | /s/Russell Clementson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*            **F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST CONTINUED**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Daren Brinkman**  office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Russell Clementson**  russell.clementson@usdoj.gov
- **Krista M Enns**  KEnns@beneschlaw.com, docket@beneschlaw.com
- **Roger F Friedman**  rfriedman@rutan.com
- **Asa S Hami**  ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com
- **Alan Craig Hochheiser**  ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Brian D Huben**  hubenb@ballardspahr.com, carolod@ballardspahr.com
- **William W Huckins**  whuckins@allenmatkins.com, clynch@allenmatkins.com;mcatapang@allenmatkins.com
- **David S Kupetz**  dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **Adam A Lewis**  alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- **Sophia Moraitis**  smoraitis@sma-law.com
- **Debra Riley**  driley@allenmatkins.com
- **Catherine Schlomann Robertson**  crobertson@pahl-mccay.com, mle@pahl-mccay.com
- **Michael St James**  ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com
- **Jason D Strabo**  jstrabo@mwe.com, cfuraha@mwe.com;rorloff@mwe.com
- **United States Trustee (SV)**  ustpregion16.wh.ecf@usdoj.gov
- **Steven Werth**  swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com
- **Claire K Wu**  ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com